**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **DAVID PAHER and** )<br>**PHILENA PAHER** )<br>)<br>    **Plaintiffs,** )<br>)<br>v. )<br>)<br>**UICI;** )<br>**MEGA LIFE & HEALTH INSURANCE** )<br>**COMPANY;** )<br>**NATIONAL ASSOCIATION FOR THE** )<br>**SELF EMPLOYED;** )<br>**STEPHANIE TRANCHINA;** )<br>**and FICTITIOUS DEFENDANTS** )<br>**"A," "B," and "C," whether singular or** )<br>**plural, are those other persons,** )<br>**corporations, firms, or other entities** )<br>**whose wrongful conduct caused or** )<br>**contributed to the cause of the injuries** )<br>**and damage to the plaintiff, all of** )<br>**whose true and correct names are** )<br>**unknown to the at this time,** )<br>**but which will be substituted by** )<br>**amendment when ascertained,** )<br>| **CIVIL ACTION NO.:  2:06cv297-DRB** |

        **Defendants.**

**THE MEGA LIFE AND HEALTH INSURANCE COMPANY'S PARTIAL
MOTION TO DISMISS PURSUANT TO RULES 12(B)(6)
AND 9(B) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

The MEGA Life and Health Insurance Company ("MEGA") moves the Court pursuant to

Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure to dismiss Counts Three, Four,

Five, and Six of the Complaint (the "Complaint") filed by Plaintiffs David and Philena Paher

("Plaintiffs").  In support of its motion, MEGA respectfully states as follows:

## I.     PRELIMINARY STATEMENT

Plaintiffs purport to state three varieties of fraud claims against unspecified "Defendants" in counts Three through Five and one count for conspiracy based on the alleged fraud in Count Six. These claims for fraud and suppression fail because Plaintiffs do not allege these claims with the particularity required by Rule 9(b). Plaintiffs' claim for fraudulent suppression also fails because they do not allege a confidential relationship or other facts which would impose on MEGA a duty of disclosure. Moreover, the only statement even vaguely referenced allegedly occurred in February 2003 and thus is time barred under Alabama's two year statute of limitations for fraud. Plaintiffs' civil conspiracy claim fails because no underlying tort supports this claim.

## II.    STANDARD FOR MOTION TO DISMISS

Under Federal Rule of Civil Procedure 12(b)(6), a complaint should be dismissed if the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. See Conley v. Gibson, 355 U.S. 41, 45 (1957). When, on the basis of a dispositive issue of law, no construction of the factual allegations of a complaint will support the cause of action, dismissal of the complaint is appropriate. See Powell v. United States, 945 F.2d 374 (11th Cir. 1991). "In ruling on a motion to dismiss, 'conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal.'" Securities and Exch. Comm'n v. Scrushy, 2005 WL 3279894, at * 1 (N.D. Ala. 2005)(quoting Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1185 (11th Cir. 2003). "[F]ailure to satisfy Rule 9(b) is a ground for dismissal of a complaint." Id. at * 2.

### III. ARGUMENT AND AUTHORITIES

#### A. Counts Three, Four and Five – Plaintiffs Have Not Alleged Any Fraud With The Requisite Particularity.

The Plaintiffs' fraud claims in counts three and five fail because they do not identify any misstatement, the place or time of the statement, the speaker, the manner in which Plaintiffs were misled and what the Defendants obtained as a result. Rule 9(b) provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated *with particularity*." FED. R. CIV. P. 9(b) (emphasis added). To satisfy Rule 9(b), the complaint must set forth: (1) the content of the precise statement or omission; (2) who made, or failed to make, such statement; (3) where the statement was, or should have been, made; (4) when the statement was, or should have been, made; and, (5) what the defendants gained as a result. Scrushy, WL at *2 (citing Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1371 (11th Cir. 1997)). In other words, "general, conclusory allegations of fraud" are inadequate. Morrow v. Green Tree Servicing, L.L.C., 360 F. Supp. 2d 1246, 1250 (M.D. Ala. 2005) (citing Cooper v. Blue Cross & Blue Shield of Fla., Inc., 19 F.3d 562, 568 (11th Cir. 1994)).

Moreover, "[c]ourts interpret Rule 9 (b) as requiring a complaint filed against multiple defendants to distinguish among defendants and specify their respective role in the alleged fraud." McAllister Towing & Transp. Co., Inc. v. Thorns Diesel Serv., Inc., 131 F. Supp. 2d 1296, 1301 (M.D. Ala. 2001) (where complaint did not contain specific allegations with respect to each separate defendant, plaintiff failed to plead a claim for fraud). Thus, "a plaintiff does not satisfy [the Rule 9 (b)] requirement by simply grouping the defendants together by vaguely alleging that the 'defendants' made the alleged fraudulent statements." Id.; see also Sky Techs. Partners, L.L.C. v. Midwest Research Inst., 125 F. Supp. 2d 286, 299 (S.D. Ohio 2000)

(complaint was deficient under Rule 9(b) where the Plaintiff failed to identify those employees or representatives of the defendants who made the allegedly fraudulent statements).

Plaintiffs' allegations of fraud and fraudulent suppression in the instant case do not satisfy any of these requirements of Rule 9(b). First, the Plaintiffs do not identify the content of any precise statement or omission. The Plaintiffs allege only that in February 2003 "Defendants represented to the plaintiffs that the policy would provide coverage in the event of medical circumstances such as those described below" and "that any claims on the policy would be administered in such a matter as to provide the greatest possible coverage to the insureds." (Compl., ¶ 12). In Count Three, Plaintiffs also vaguely aver "Defendants continuously represented to the Plaintiffs that Defendants would provide the Plaintiffs the insurance coverage they had paid and contracted for and would act in good faith and pay claims covered under the insurance provided." (Compl., ¶ 40). Such allegations clearly do not meet Rule 9(b)'s heightened requirements.

Second, these allegations make no attempt to specify which of the many Defendants allegedly made any misrepresentations or failed to disclose a material fact. (See generally Compl.). Rather, Plaintiffs allege only that unspecified "Defendants" made misrepresentations or failed to disclose facts. (See e.g., Compl., ¶ 12)("The Defendants represented…Defendants further represented…"), ¶ 48 ("Defendants fail to disclose…"), ¶ 40 ("Defendants…continuously represented to the Plaintiffs….")). Due to this failure alone, Plaintiffs' claims for fraud and fraudulent suppression should be dismissed. See McAllister Towing & Transp. Co., Inc., 131 F. Supp. 2d at 1301.

In addition to failing to specify which of the many "Defendants" in this action purportedly misrepresented or failed to disclose a material fact, Plaintiffs do not allege when or

where these purported misrepresentations or omissions occurred.  (See generally Compl.).  Indeed, the only specific allegations of a particular statement about the Plaintiffs' transaction are summarized in paragraph twelve.  In that paragraph, Plaintiffs do not even allege what statement was false.  (See id. ¶¶ 12).  Because no facts regarding fraud or suppression are alleged with any particularity, let alone the particularity required by Rule 9, Plaintiffs' claims for fraud and fraudulent suppression fail and are due to be dismissed.  See Brooks, 116 F.3d 1371; Friedlander v. Nims, 755 F.2d 810, 813-14 (11th Cir. 1985) (dismissal for failure to comply with Rule 9(b); Cooper, 19 F.3d at 568 (Rule 9(b) not satisfied where plaintiff failed to allege details of fraudulent acts, when they occurred, and who engaged in them); Morrow, 360 F. Supp. 2d at 1250-51 (same).

   **B.** **Plaintiffs' Fraud Claims Are Promissory And Fail To Allege That Any Defendant Had The Intent Not To Perform At The Time Of The Statement And Intended To Deceive The Plaintiffs.**

  The Plaintiffs' allegations pertain to future events, such as what the insurance "would provide," and are therefore promissory statements.  Promissory fraud claims contain additional elements that Plaintiffs must aver, which are (1) that the speaker, at the time the statement was made, did not intend to perform in the future and (2) that the speaker had a present intent to deceive.  Bethel v. Thorn, 757 So. 2d 1154, 1159 (Ala. 2000).  Plaintiffs' claims should be dismissed because they do not allege any facts pertaining to these elements.  Bethel is instructive because the Court dismissed four promissory fraud claims and found two were not properly pleaded and two were sufficiently plead.  As to the insufficient claims, the plaintiff had alleged that defendants repeatedly misrepresented that they were capable of performing contracts and would timely deliver the product at issue.  Analyzing these allegations, the Court affirmed the motion to dismiss and held that such allegations failed to allege facts showing that defendants

did not intend to perform and in fact intended to deceive plaintiffs when the promises were made. Id. at 1160-61.

In the present case, each of the Plaintiffs allegations of fraud set forth alleged promises by Defendants. Like Bethel, however, Plaintiffs fail to allege these critical additional elements for viable promissory fraud claims. For this reason, Counts Three, Four and Five should be dismissed.

      C.    **Claims Arising From Any February 2003 Statements Are Time Barred.**

Any fraud claims arising from February 2003 statements are clearly time-barred under Alabama's two year statute of limitations and Plaintiffs have alleged no facts to fall within the fraud savings provision. See ALA. CODE §§ 6-2-38(l) and 6-2-3 (2005); Smith v. Nat'l Sec. Ins. Co., 860 So. 2d 343, 345 (Ala. 2003). In Smith, the Alabama Supreme Court affirmed the trial court's Rule 12(b)(6) dismissal of very similar fraud claims to those presented here on statute of limitations grounds. In Smith, the plaintiff alleged that a health insurance salesman misrepresented during the policy sale that "the policy would cover all of her minor son's medical bills…". Similar to this case, the Smith plaintiff brought two fraud claims and one suppression claim approximately three and one-half years after the alleged point-of-sale statements, and further alleged the fraud was "of a continuing nature." 860 So. 2d at p. 346. In upholding the dismissal, the Alabama Supreme Court held:

> "When, as in this case, the plaintiff's complaint on its face is barred by the statute of limitations, the complaint must also show that he or she falls within the savings clause of § 6-2-3. Amason v. First State Bank of Lineville, 369 So. 2d 547 (Ala. 1979). See Associates Financial Services Co. v. First National Bank, 292 Ala. 237, 292 So. 2d 112 (1974). Rule 9 of the Alabama Rules of Civil Procedure requires that fraud be alleged 'with particularity.' Garrett v. Raytheon co., 368 So. 2d 516 (Ala. 1979)."

860 So. 2d at 346 (quoting Miller v. Mobile Cty. Bd. of Health, 409 So. 2d 420, 422 (Ala. 1981).

To fall within the savings' provision of the statute of limitations, the Court held that the complaint must allege facts or circumstances by which defendants concealed the cause of action, and must show what prevented the plaintiff from discovery the fact surrounding the fraud. 860 So. 2d at 347. The Court pointed out that Smith's complaint failed to allege any such facts. Moreover, the Court found that the general reference to the fraud being "of a continuous nature" did not cure the deficiencies. Id. See also, Miller v. Mobile County Bd. of Health, 409 So. 2d 420 (Ala. 1981)(affirmed fraud dismissal under Rule 9 and 12 based on failure to plead facts to save claims from statute of limitations bard.); Lowe v. East End Memorial Hospital & Health Centers, 477 So. 2d 339 (Ala. 1985)(same).

In the present case, the allegations of fraud are nearly identical, but even less detailed, than the inadequate allegations in Smith. In paragraph 12, the Plaintiffs allege that Ms. Tranchina visited their home and made an insurance proposal. Plaintiffs then allege that "Defendants" made representations regarding coverage. Finally, Plaintiffs allege "continuous" representations by Defendants regarding the payment of claims and the provision of insurance coverage. Any claims of fraud arising from a February 2003 conversation with any Defendant are clearly time-barred after February 2005. Plaintiffs filed their lawsuit on March 2, 2006. Since the Plaintiffs did not allege any facts which would save these claims from the two-year time bar, Counts Three, Four, Five and Six should be dismissed.

**D.    Count Four - Plaintiffs Have Not Stated a Claim for Suppression**.

The facts alleged in the Count Four do not state a claim against MEGA for suppression. Alabama law is clear that there is no duty to disclose because an insurer such as MEGA does not stand in a confidential relationship with an insured. See State Farm Fire & Cas. Co. v. Owen, 729 So. 2d 834, 842 (Ala. 1998). In Owen, 729 So. 2d at 842, an action filed by an insured

against her property insurer, the Court held that the existence of a duty to disclose is a question of law and that the insurer owed no duty to disclose that premiums would be based on the appraisal value of the plaintiff's diamond ring, even though the insurer would pay no more than the replacement cost.  See Owen, 729 So. 2d at 839-42.  After determining that the duty to disclose can arise from a confidential relationship or from special circumstances, the Court considered whether, as a matter of law, the insurer had a duty to disclose.  See id.  In doing so, the Court concluded that there was no such duty:

> In the first instance, the obligation to communicate could arise from the confidential relations of the parties.  [Plaintiff] does not contend that her relationship with State Farm was a fiduciary relationship, nor would the evidence in this case support such a finding. *See Hardy v. Blue Cross & Blue Shield,* 585 So. 2d 29 (Ala.1991); *King v. National Foundation Life Ins. Co.,* 541 So. 2d 502 (Ala.1989). Thus, the imposition of a duty of disclosure could have been justified only if this case presented "special circumstances" mandating disclosure.

Id. at 842.

The Alabama Supreme Court then concluded that no special circumstances or confidential relationship imposed a duty upon an insurer to disclose to its insured how premiums would be calculated and claims would be paid.  Owen, 729 So. 2d at 842-43.  In concluding that no such duty existed, the Court reasoned:

> To uphold [plaintiff's] claim, we would have to rule that it is the responsibility of every insurer at the point of sale to explain fully to potential customers the insurer's internal procedures, its ratemaking process, and its business practices. To impose that responsibility strikes us as highly impractical, and it is a responsibility we have not imposed in the past.

Id. at 843 (citation omitted).  The Court further found that an allegation that the insurer has superior knowledge was not sufficient to create a duty to disclose.  See id. (no duty to disclose internal procedures and practices because "in practically any transaction, particularly those

involving specialized areas like insurance, one party will have greater knowledge than the other"); see also Surrett v. TIG Premier Ins. Co., 869 F. Supp. 919, 925 (M.D. Ala. 1994) ("Superior knowledge of a fact, without more, does not impose upon a party a legal duty to disclose such information.").

The case of King v. National Foundation Life Ins. Co., 541 So. 2d 502 (Ala. 1989), cited by the Owen court, also supports this proposition.  In King, a first party insurance case brought against a medical insurer, the court held that there was no confidential relationship between the insurer and insured to support plaintiffs' claims for fraudulent suppression.  King, 541 So. 2d at 505-06.  Furthermore, the King court found that an insurer's silence as to internal operating procedures did not amount to fraud under Alabama law.  King, 541 So. 2d at 505-06; see also Hardy, 585 So. 2d 29.  Both the King and Owen cases rejected as a matter of law the argument that an insurer has any confidential relationship with an insured and owes any duty to disclose facts related to its internal operating procedures.  See King, 541 So. 2d at 505-06; Owen 729 So. 2d at 843.

Applying those principles to the present case, none of Plaintiffs' allegations elevates their insured/insurer relationship to a confidential one or one involving "special circumstances."  Plaintiffs simply claim that they applied for a certificate of health insurance coverage following a meeting with Defendant Tranchina in February 2003.  (Compl., ¶ 12).  The Plaintiffs allege only that "Defendants represented the Plaintiffs that the policy would provide coverage in the event of medical circumstances such as those described below" and "that any claims on the policy would be administered in such a manner as to provide the greatest possible coverage to the insured."  (Compl., ¶ 12).  The Complaint does not articulate with any specificity any other fact which would create a duty to disclose for MEGA.  Moreover, since insurers have no duty to disclose

-9-

internal operating procedures, these allegations, even if true (which they are not), do not state a claim for suppression.  See King, 541 So. 2d at 505-06.

To state a claim for fraudulent suppression, a plaintiff must show the defendant had a duty to disclose an existing material fact either because of a confidential relationship between the plaintiff and the defendant, or because of the particular circumstances of the case.  See Booker v. United Am. Ins. Co., 700 So. 2d 1333, 1339 (Ala. 1997) (duty to disclose essential element of fraudulent suppression claim).  Whether a party has a duty of disclosure is initially an issue of law for the court to determine.  See Owen, 729 So. 2d at 841-42.  Under Alabama law, there is no duty to disclose facts when information is not requested, and mere silence does not constitute fraud in the absence of a confidential relationship.  King, 541 So. 2d at 505-06; see also ALA. CODE § 6-5-102 (1975) ("The obligation to communicate may arise from the confidential relations of the parties or from the particular circumstances of the case.").  For this additional reason, Count Four should be dismissed.

      **E.**    **Plaintiffs' Civil Conspiracy Claims Fails Because MEGA Did Not Conspire With Any Other Defendant to Commit an Underlying Tort.**

Plaintiffs' civil conspiracy claim against MEGA fails as a matter of law because the Complaint demonstrates that MEGA did not conspire with any other defendant to commit a wrongful act.  "A conspiracy cannot exist in the absence of an underlying tort."  Willis v. Parker, 814 So. 2d 857, 867 (Ala. 2001).  "[L]iability for civil conspiracy rests upon the existence of an underlying wrong and when the underlying wrong provides no cause of action, then neither does the conspiracy."  Jones v. BP Oil Co., Inc., 632 So. 2d 435, 439 (Ala. 1993).  As demonstrated above, since Plaintiffs' fraud claims should be dismissed, their conspiracy claim likewise fails.

## IV. CONCLUSION

Because they fail to state a claim upon which relief can be granted, MEGA respectfully requests that the Court dismiss with prejudice Counts Three, Four, Five, and Six of Plaintiffs' Complaint. MEGA further requests any other relief to which it is justly entitled.

/s/ E. Luckett Robinson, II
HENRY A. CALLAWAY, III (CALLH4748)
E. LUCKETT ROBINSON, II (ROBIE6110)
RODNEY R. CATE (CATER8568)
Attorneys for The MEGA Life and Health
Insurance Company

HAND ARENDALL, L.L.C.
Post Office Box 123
Mobile, Alabama  36601
Tel:    (251) 432-5511
Fax:    (251) 694-6375

## CERTIFICATE OF SERVICE

      I hereby certify that I have, on April 6, 2006, served a copy of the foregoing pleading on all counsel of record by electronic service and by placing a copy of same in United States Mail, properly addressed and first class postage prepaid, as follows:

Thomas O. Sinclair  
2100-A SouthBridge Parkway, Suite 450  
Birmingham, Alabama 35209

James W. Lampkin, III  
Pamela A. Moore  
One St. Louis Centre, Suite 5000  
Mobile, Alabama 36602

Allen G. Woodard  
WOODARD, PATEL & SLEDGE  
1213 East Three Notch Street  
Andalusia, Alabama 36420

                              /s/ E. Luckett Robinson, II