RECEIVED

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAVID PAHER and<br>PHILENA PAHER<br><br>    Plaintiffs,<br><br>v.<br><br>UICI;<br>MEGA LIFE & HEALTH INSURANCE<br>COMPANY;<br>NATIONAL ASSOCIATION FOR THE<br>SELF EMPLOYED;<br>STEPHANIE TRANCHINA;<br>and FICTITIOUS DEFENDANTS<br>"A," "B," and "C," whether singular or<br>plural, are those other persons,<br>corporations, firms, or other entities<br>whose wrongful conduct caused or<br>contributed to the cause of the injuries<br>and damage to the plaintiff, all of<br>whose true and correct names are<br>unknown to the at this time,<br>but which will be substituted by<br>amendment when ascertained,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION NO.: 2:06cv297-DRB<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## THE MEGA LIFE AND HEALTH INSURANCE
## COMPANY'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446(a), The MEGA Life and Health Insurance Company ("MEGA") hereby provides notice of the removal of the proceeding styled "*Paher v. UICI, MEGA Life & Health Insurance Company, et al.*" bearing Case No. CV 2006-29, on the docket

of the Circuit Court of Covington County, State of Alabama, to the United States District Court for the Middle District of Alabama, Northern Division.[1]

## I. INTRODUCTION AND RELEVANT FACTUAL BACKGROUND

1. On March 2, 2006, Plaintiffs David Paher and Philena Paher ("Plaintiffs") filed a complaint (the "Complaint") or ("Compl.") against MEGA, UICI, the National Association for the Self-Employed (the "NASE"), Stephanie Tranchina, and Fictitious Defendants A, B and C (collectively, "Defendants") in the State Court of Covington County, Alabama. The Complaint seeks damages from the Defendants, including MEGA, arising from the sale of a certificate of health insurance coverage (the "Certificate") and an association membership and the denial of medical claims under the Certificate. (See generally Compl.) The nature of this action is more fully stated in the Complaint, a copy of which is attached hereto. (See Compl., attached hereto and fully incorporated herein as Exhibit "1.") This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1332.

2. Service on MEGA. Defendant MEGA was served with process on March 3, 2006.

3. Service on UICI. Defendant UICI was served with process on March 3, 2006.

4. Service on the NASE. Upon information and belief, the NASE was served with process on March 3, 2006.

5. Service on Ms. Tranchina-Hawes. Upon information and belief, Defendant Stephanie Tranchina-Hawes (formerly Stephanie Tranchina) has not been served with process. Moreover, the Complaint indicates that no service has been attempted on Defendant Ms. Tranchina-Hawes as the Complaint acknowledges that Ms. Tranchina-Hawes' address for service of process by

---

[1] MEGA specifically preserves and does not waive any and all applicable defenses pursuant to Federal Rule of Civil Procedure 12, any administrative remedies available under the Certificate, and any right to demand arbitration pursuant to any applicable agreement to arbitrate.

certified mail is "Current address Unknown." (See Compl. p. 13.)

6.   Fictitious Defendants.   Fictitious Defendants A, B and C (collectively, "Fictitious Defendants") are fictitious defendants who have not been identified by name or served with process.[2]

7.   All Properly Served Defendants Join in This Removal.   In accordance with Alabama state and federal law, all named and properly served Defendants in this action join in and consent to this Notice of Removal. (See Consents to Removal attached hereto collectively as Exhibit "2").

8.   Removal is Timely.   Thirty (30) days have not expired since service was made on any Defendant, making removal proper in accordance with U.S.C. § 1446(b).

## II. BASIS FOR REMOVAL – DIVERSITY JURISDICTION

9.   Removal is Proper.   There is diversity of jurisdiction in this Court because there is complete diversity of citizenship between the Defendants and Plaintiffs, and more than $75,000.00 in controversy, exclusive of interest and costs. See 28 U.S.C. § 1332.

10.   Complete Diversity of Citizenship Exists Between Plaintiffs and Defendants.   Plaintiffs are citizens of Alabama. (See Compl. ¶ 1.) Defendants are citizens of Texas, Oklahoma, and Delaware. Accordingly, complete diversity exists. See 28 U.S.C. § 1332(a)(1).

11.   Plaintiffs' Citizenship.   At the time Plaintiffs filed their Complaint, they were citizens of Alabama. (See Compl. ¶ 1.) At the time of filing of this Notice of Removal, upon information and belief, Plaintiffs remain citizens of the State of Alabama. (See id.)

12.   MEGA.   At the time the Complaint was filed, MEGA was a corporation organized under the laws of the State of Oklahoma with its principal place of business in Texas, and MEGA

---

[2] Plaintiffs failed to identify Fictitious Defendants A, B and C, and no Fictitious Defendants have been properly named as parties. (See generally Compl.) In any event, the citizenship of "Fictitious Defendants" is not considered for diversity purposes. See 28 U.S.C. § 1441(a) ("For purposes of removal . . . the citizenship of defendants sued under fictitious names shall be disregarded").

remains, at the time of filing of this Notice of Removal, a company organized under the laws of the State of Oklahoma with its principal place of business in Texas.

13.    UICI. At the time the Complaint was filed, UICI was a corporation organized under the laws of the State of Delaware with its principal place of business in Texas, and UICI remains, at the time of filing of this Notice of Removal, a corporation organized under the laws of the State of Delaware with its principal place of business in Texas.[3]

14.    The NASE. At the time the Complaint was filed, upon information and belief, the NASE was incorporated under the laws of the State of Texas with its principal place of business in Texas, and the NASE remains at the time of filing of the Notice of Removal, upon information and belief, incorporated under the laws of the State of Texas with its principal place of business in Texas.

15.    Citizenship of parties not properly served is not considered for removal. The citizenship of parties that have not been properly served with process is not considered for purposes of removal. 28 U.S.C. § 1441(b).  As such, the citizenship of Ms. Tranchina-Hawes is not considered for this removal.

16.    The Amount in Controversy Exceeds the Sum or Value of $75,000.00. In the Complaint, Plaintiff seeks many categories of damages such that the amount in controversy in this action exceeds $75,000.00. (See generally Compl.) Plaintiffs have not placed any limitations on the damages sought. (See generally id.) Accordingly, MEGA need only demonstrate by a *preponderance of the evidence* that the amount in controversy exceeds $75,000.00. See Leonard v. Enterprise Rent A Car, 279 F.3d 967, 972 (11th Cir. Ala. 2002) ("Where a Plaintiff fails to specify the total amount of damages demanded ... a defendant seeking removal based on

---

[3] UICI's separate joinder in this Notice of Removal is made expressly without waiver of its right to challenge this Court's *in personam* jurisdiction over it.

4

diversity jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the $75,000,00 jurisdictional requirement.") A review of the actual and punitive damages sought by Plaintiffs in this action reveals that they seek an amount well in excess of $75,000.00.

17.  The Damages Sought by Plaintiffs. Plaintiffs seek to recover premiums paid under the Certificate. (See generally Compl. ¶ 18.) As set forth in the concurrently filed Declaration of JoAnn Jones, these premiums total approximately $5,222.00, exclusive of interest. (See Declaration of JoAnn Jones ("Jones Decl."), attached hereto and fully incorporated herein as Exhibit "3" ¶ 3.) The Complaint alleges that Plaintiffs were required to pay an upfront fee and monthly fees to Defendant NASE in order to obtain heath insurance through MEGA. (Compl. ¶ 13.) Total fees paid to NASE sought to be recovered by Plaintiffs are $965.00. (Jones Decl., ¶ 4). Moreover, Plaintiffs seek recovery for insurance claims submitted for payment that were denied. (Compl. ¶¶ 14, 15, 18.) Specifically, paragraphs 14 and 15 of the Complaint allege that certain claims involving treatment for Mrs. Paher's kidney stones were improperly denied. The Complaint alleges a total of $6,044.96 for improperly denied claims related to Mrs. Paher's kidney stone treatment. (Id.).[4] Further, paragraph 14 alleges that the alleged improperly denied claims "are not limited to" treatment for kidney stones. (Compl. ¶ 14.) The difference between Mrs. Paher's total submitted claims and benefits paid is $9,498.30. (Jones Decl. ¶ 2.). In addition, Plaintiffs allege that they "have sustained and continue to sustain economic damage and loss." (Compl. ¶ 18). They later reiterate claims for "substantial financial hardship." (Compl. ¶ 20.) Plaintiffs also seek damages for "mental anguish, emotional distress, and personal

---

[4] MEGA asserts that these insurance claims were properly denied in accordance with the terms of the Certificate.

hardships." (Id.)[5] Finally, Plaintiffs seek punitive damages. (See generally Compl.)

18.     Assessing the Amount of Punitive Damages. Claims for punitive damages are included in the calculation of the amount in controversy for purposes of 28 U.S.C. § 1332. See Holley Equip. Co. v. Credit Alliance Corp., 821 F.2d 1531, 1535 (11th Cir. 1987) ("When determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered."). A defendant can demonstrate that the amount in controversy will exceed $75,000.00 by providing analysis of awards in similar cases. See Davis v. Franklin Life Ins. Co., 71 F. Supp. 2d 1197, 1199-2000 (M.D. Ala. 1999); Jackson v. Am. Bankers Ins. Co. of Fla., 976 F. Supp. 1450, 1451 (S.D. Ala. 1997). The following cases show that punitive damages awards in cases involving fraud and/or bad faith in Alabama courts routinely can exceed $75,000.00:

1.  Skilstaf, Inc. v. American Medical Security, (M.D. Ala., Civil Action No. 3:98-cv-00064-VPM), verdict in the amount of $6,902,576.00 in insurance fraud case regarding the manner in which group insurance program was designed, underwritten, rated, and sold.
2.  Loyal American Life Ins. Co. v. Mattiace, 679 So.2d 229 (Ala. 1996), jury awarded the plaintiff $32,200.00 for breach of contract, plus $100,000.00 in compensatory and punitive damages for the defendant's bad faith.
3.  Life Insurance Company of Georgia v. Johnson, 701 So.2d 524 (Ala. 1997), original verdict of $15,000,000.00 remitted to $3,000,000.00 in insurance fraud case.
4.  Foster v. Life Insurance Company of Georgia, 656 So.2d 333 (Ala. 1994), punitive damages award of $1,000,000.00 affirmed in insurance fraud case.
5.  Northwestern Mutual Life Ins. Co. v. Sheridan, 630 So. 2d 384 (Ala. 1993), $25,000,000.00 verdict remitted to $12,800,000.00 in insurance fraud case.
6.  Whittaker v. Southwestern Life Ins. Co., (Circuit Court of Macon

---

[5] Damages for mental anguish and emotional distress are included in the amount in controversy. See e.g. Kirkland v. SSL Americas, Inc., 236 F. Supp. 2d 1326, 1333 (M.D. Ala. 2003) Such awards alone often exceed the amount in controversy. Just this year, the Alabama Supreme Court in Cochran v. Ward, 2006 WL 204989 (Ala., Jan. 27, 2006), a fraud case, held that an award of $275,000.00 or above would not be unusual for mental anguish damages. See also e.g. Ford Motor Co. v. Sperau, 708 So.2d 11, 114-115 (Ala. 1998) (mental anguish damage award of $700,000.00 for two plaintiffs); Duck Head Apparel Co. v. Hoots, 659 So.2d 897, 908 (Ala. 1995) (affirming judgment as to mental aguish damages conditioned upon acceptance by three plaintiffs of remittitur of mental anguish award to $2,000,000.00, $1,000,000.00 and $500,000.00, respectively.)

County, Alabama, CV-02-41, February 4, 2004), verdict of $1.62 billion, consisting of $10,000,000.00 compensatory and $800,000,000.00 punitive damages against each of two defendants in case involving insurance fraud by agent.

7. Ingram v. Liberty Nat'l Life Ins. Co., (Circuit Court of Chambers County, Alabama, CV-96-0062, September 12, 2002), verdict of $3,200,000.00 in insurance fraud case. Reversed on liability grounds. Liberty Nat'l Life Ins. Co. v. Ingram, 887 So.2d 222 (Ala. 2004).

8. Orkin Exterminating Co. v. Jeter, 832 So.2d 25 (Ala. 2001), punitive damages in fraud case of $2,300,000.00 upheld.

9. Sparks v. Cash American International, Inc., 789 So.2d 231 (Ala. 2000), punitive damages award of $300,000.00 upheld in fraud case.

10. Talent Tree Personnel Services, Inc. v. Fleenor, 703 So.2d 917 (Ala. 1997), punitive damages award of $1,800,000.00 upheld in fraud case.

While MEGA denies that the Plaintiffs are entitled to any relief, the preponderance of the evidence is thus clear that the amount in controversy in this action exceeds $75,000.00 given the alleged economic compensatory damages, alleged mental anguish damages and punitive damages sought by the Plaintiffs.

19. Since this matter involves a claim between citizens of Alabama, as plaintiffs, and citizens of Oklahoma, Texas, and Delaware, as defendants, and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, the United States District Court for the Middle District of Alabama, Northern Division, has original jurisdiction pursuant to 28 U.S.C. § 1332.[6]

---

[6] MEGA reserves the right to supplement this Notice of Removal if discovery indicates that this Court has original jurisdiction pursuant to 28 U.S.C. § 1331. Specifically, Plaintiffs' purported fraud and misrepresentation claims may be disguised claims for benefits under § 502(a)(a)(B) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA") (29 U.S.C. § 1132). Plaintiffs may be attempting to recover benefits under an employee benefit plan funded by a group insurance policy, in which case, Plaintiffs' state law claims are preempted by Section 514 of ERISA, 29 U.S.C. § 1144.

## III. THE NOTICE OF REMOVAL IS PROCEDURALLY CORRECT

20. <u>Venue</u>. Pursuant to 28 U.S.C. § 1441(a), (b), and (c), this case may be removed to the United States District Court for the Middle District of Alabama.

21. <u>Process and Papers</u>. In accordance with 28 U.S.C. § 1446, copies of all papers filed in the State Court of Covington County, State of Alabama and served on Defendant MEGA, including the Complaint, are attached hereto as Exhibit "4".

## IV. CONCLUSION AND REQUESTED RELIEF

For the reasons described above, MEGA respectfully requests that this Court proceed with this matter as if it had been originally filed herein. MEGA further requests any other relief to which it may be justly entitled.

DATED:      March 31, 2006

_____
HENRY A. CALLAWAY, III (CALLH4748)
E. LUCKETT ROBINSON, II (ROBIE6110)
RODNEY R. CATE (CATER8568)
Hand Arendall, L.L.C.
Post Office Box 123
Mobile, AL 36601
Telephone:   (251) 432-5511
Facsimile:   (251) 694-6375

Attorneys for Defendant The MEGA Life and Health Insurance Company

## CERTIFICATE OF SERVICE

I hereby certify that I have on this day, March 31, 2006, served a copy of the foregoing pleading on all counsel of record by placing a copy of same in the United States Mail, properly addressed and first class postage prepaid, as follows:

Thomas O. Sinclair
CAMPBELL, WALLER & POER, LLC
2100-A SouthBridge Parkway, Suite 450
Birmingham, Alabama 35209
Phone: (205) 803-0051
Fax:    (205) 803-0053

Allen G. Woodard
WOODARD, PATEL & SLEDGE
1213 East Three Notch Street
Andalusia, Alabama 36420
Phone: (334) 222-9115
Fax:    (334) 222-9448

James W. Lampkin II
Pamela A. Moore
ALFORD, CLAUSEN, & McDONALD, LLC
One St. Louis Centre, Suite 5000
Mobile, Alabama 36602
Phone: (251) 432-1600
Fax:    (251) 432-1700

_____

458585