# IN THE CIRCUIT COURT FOR
# COVINGTON COUNTY, ALABAMA

| | |
|---|---|
| **DAVID PAHER and**<br>**PHILENA PAHER,** )<br> )<br> )<br>    **Plaintiffs,** )<br> )<br>**v.** )<br> )<br>**UICI;** )<br>**MEGA LIFE & HEALTH INSURANCE** )<br>**COMPANY;** )<br>**NATIONAL ASSOCIATION FOR THE** )<br>**SELF EMPLOYED;** )<br>**STEPHANIE TRANCHINA;** )<br>**and FICTITIOUS DEFENDANTS** )<br>**"A", "B", and "C", whether singular or** )<br>**plural, are those other persons,** )<br>**corporations, firms, or other entities** )<br>**whose wrongful conduct caused or** )<br>**contributed to the cause of the injuries** )<br>**and damage to the plaintiff, all of** )<br>**whose true and correct names are** )<br>**unknown to the plaintiff at this time,** )<br>**but which will be substituted by** )<br>**amendment when ascertained,** )<br> )<br>    **Defendants.** ) | **CIVIL ACTION NO.: 2006-29** |

## COMPLAINT

COMES NOW the Plaintiffs, David and Philena Paher, by and through their undersigned

counsel of record, and hereby brings the following Complaint against Defendants, stating as follows:

## THE PARTIES

1.    Plaintiffs David Paher and Philena Paher are, and at all times relevant to the matters

alleged herein, have been, adult resident citizens of Covington County, Alabama.

EXHIBIT
**1**

- 1 -

FILED IN OFFICE

MAR 0 2 2006

*Regd A. Peacock*
CLERK

2.       Defendant UICI, upon information and belief, is a Delaware corporation with its principal place of business located at 9151 Grapevine Highway, North Richland Hills, Texas 76180, and domiciled in Oklahoma. Defendant UICI owns and controls its subsidiary, Mega Life & Health Insurance Company, through which it does business in Alabama and elsewhere and through which it offers policies of insurance.

3.       Defendant Mega Life & Health Insurance Company ("Mega") is, upon information and belief, a wholly owned subsidiary of Defendant UICI, and further is a Delaware corporation, headquartered in Texas, and domiciled in Oklahoma.

4.       Mega focuses primarily on small businesses and self-employed people, as well as schools. Mega is headquartered in Oklahoma, and licensed to do business in Alabama. Defendant's agent for service of process in Alabama is The Corporation Company, 2000 Interstate Park Drive, Suite 204, Montgomery, AL 36109.

5.       The National Association of Self Employed (NASE) offers a group plan to members that is underwritten by Mega Life & Health Insurance Company. NASE is wholly owned, operated, and controlled by Mega. Defendant NASE's agent for service of process in Alabama is The Corporation Company, 2000 Interstate Park Drive, Suite 204, Montgomery, AL 36109.

6.       Stephanie Tranchina ("Tranchina") came to the Paher's residence and made certain representations about the quality of the insurance and the services to be provided by the other defendants. At the time of the meeting with the Pahers, Tranchina's principal place of business and residence were in Baldwin County, Alabama.

7.       Fictitious Defendants "A", "B", and "C", whether singular or plural, are those persons, corporations, firms, or other entities whose wrongful conduct caused or contributed to the cause of

FILED IN OFFICE

MAR 0 2 2006

Boyd A Phrace
CLERK

- 2 -

the injuries and damage to the Plaintiffs. The true and correct names and addresses of these Fictitious Defendants are currently unknown to the Plaintiffs, but will be added by amendment when ascertained.

## VENUE

8.      Venue is proper in Covington County, Alabama, given that the Defendants conduct business by agent in Covington County including, but not limited to, the sale of the policy at issue herein to the Plaintiffs. The Plaintiffs are, and at all times relevant to this matter have been, residents of Covington County.

9.      Furthermore, venue is appropriate in Covington County, Alabama, in that a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred within Covington County, Alabama.

## STATEMENT OF THE FACTS

10.     At all times relevant hereto, Plaintiffs have resided in Andalusia in Covington County, Alabama, where Mr. Paher was employed as the pastor for the Cedar Grove Church of Christ.

11.     The policy at issue (Certificate Number 09053629435) took effect beginning on March 5, 2003 on behalf of the named insured, David Paher, and his wife, Philena Paher, both of whom are covered under the policy.

12.     In or about February of 2003 Tranchina came to the Plaintiff's residence and solicited the Plaintiffs to purchase the insurance policy referenced above. The Defendants represented to the Plaintiffs that the policy would provide coverage in the event of medical circumstances such as those

FILED IN OFFICE

MAR 0 2 2006

*Dayel A Pearce*

CLERK

- 3 -

described below.  The Defendants further represented that any claims on the policy would be administered in such a manner as to provide the greatest possible coverage to the insureds.

13.    In order to obtain said insurance, David Paher was informed by Tranchina that he had to pay an upfront fee and monthly fees in order to join NASE in order to get health insurance through Mega Life and Health. Subsequent to the effective date of the policy, Philena Paher suffered various physical injuries and/or conditions requiring her to seek medical treatment and care.

14.    Such conditions and treatments include, but are not limited to, August 27, 2003 visits to Andalusia Hospital to seek treatment for severe pain Philena Paher was suffering. On the first such visit, she was diagnosed with a bladder infection. After the first visit to the ER on that date, she continued to suffer pain and returned to Andalusia Hospital, where she was then diagnosed as having kidney stones. Of the original Andalusia Hospital bill of over $1,100, there is a NASE discount of $195.79; however, the remainder of the bills were improperly declined as being pregnancy related.

15.    After the second visit to Andalusia Hospital, Philena Paher was instructed to immediately seek treatment at Baptist East Hospital in Montgomery. When she reached Montgomery, she was admitted into the hospital. The resulting Baptist East bill for treatment in the amount of $5,140.75 for kidney stones was also improperly declined as being pregnancy related.

16.    There is no basis for Defendants' denial of coverage for medical care related to treatments for kidney stones and bladder infection, and this fact was known or, in the exercise of reasonable care, should have been known by the Defendants.

17.    Defendant knew, or in the exercise of reasonable care should have known, that these treatments and the resulting medical bills were not pregnancy related and that they were covered under the Plaintiffs' insurance and, thus, due to be paid by the Defendants herein.

- 4 -

FILED IN OFFICE

MAR 0 2 2006

*Roger A. Pearson*
CLERK

18.    As a direct and proximate result of Defendants' ongoing refusal to pay benefits owed the Plaintiffs, the Plaintiffs were forced to pay premiums and lose the interest on said premiums; the Plaintiffs do not have the policies they contracted for with the Defendants; the Plaintiffs have sustained, and continue to sustain economic damage and loss, the plaintiffs have been forced to pay and/or become liable for payment of medical bills that were covered under the terms of Plaintiffs' insurance policy with the Defendants, but which were not paid by the Defendants; the Plaintiffs have been caused to suffer mental anguish, emotional distress, and personal hardships; and have been otherwise injured and damaged.

19.    Following the Defendant's initial denial of the claims Plaintiff's pursuant to the administrative procedures within the policy submitted a formal appeal requesting reconsideration. The first appeal was filed in April 2005 subsequent appeals followed. The company refused to reverse its prior denial of benefits in August 2005 the company provided its final denial refusing to provide any documentation to support its denial of benefits.

20.    As a result of the Defendant's denial the Plaintiffs were caused to suffer substantial financial hardship as a result of the mounting medical bills the Plaintiffs received as a result of the Defendant's denial of benefits. Plaintiffs were caused to suffer, and continue to suffer, substantial financial hardship as a result of the denial of benefits and further continue to suffer from the emotional distress and pain caused by the Defendant's denial of benefits.

## JOINT AND SEVERAL LIABILITY

21.    The named Defendants herein are jointly and severally liable on all counts.

22.    Defendant Mega Life & Health Insurance Company ("Mega") is a wholly owned subsidiary of Defendant UICI. The National Association of Self Employed (NASE) offers a group

- 5 -

FILED IN OFFICE

MAR 0 2 2006

*Royal A. Ferguson*
CLERK

plan to members which is underwritten by Mega Life & Health Insurance Company. Further, the NASE offers group plans to its members which is underwritten by Mega.

23.    Defendant UICI controls both subsidiaries to the degree that neither Mega nor NASE have any substantial separate existence of their own.

24.    In filings with the security and exchange commission Defendant UICI represents in its filings that the assets of the Defendant's Mega and NASE are assets of the Defendant UICI.

25.    In filings with the securities and exchange commission the Defendant UICI represents that the liabilities of the Defendants Mega and NASE are liabilities of the Defendant UICI.

26.    Members of the board of directors of the Defendants NASE and Mega are in fact Defendant UICI employees.

27.    The Defendants have no substantial separate existence of their own and, as such, should be held jointly and severally liable for any damages that may be awarded.

## COUNT ONE
(Breach of Contract)

28.    Plaintiffs repeat and re-allege each and every allegation in the preceding paragraphs as if fully set forth herein.

29.    Philena Paher was covered under the policy and entitled to the benefits provided therein including, but not limited to, payment of claims covered under the policy.

30.    The Plaintiffs performed all obligations required of them under the policy and contract, and no defenses exist to Defendants' failure and refusal to perform under the contract as required.

FILED IN OFFICE

MAR 0 2 2006

Roger R. Penner
CLERK

31. Defendants have breached, and continue to breach, their contractual duties under the policies of insurance by failing and refusing to pay benefits owed the Plaintiffs.

32. As a direct and proximate result of Defendants' breaches, Plaintiffs have suffered and continue to suffer substantial damages as previously set forth above.

WHEREFORE, Premises Considered, Plaintiffs request that judgment be entered against the Defendants for compensatory and punitive damages in an amount to be determined by struck jury, plus interest, costs, attorney fees, and such other, further, and different relief as may be appropriate.

## COUNT TWO
### (Bad Faith)

33. Plaintiffs repeat and re-allege each and every allegation in the preceding paragraphs as if fully set forth herein.

34. Philena Paher was covered under the policy and entitled to the benefits provided therein including, but not limited to, payment of claims covered under the policy.

35. At all times relevant to the matters alleged herein, Defendants were under a duty to use good faith in the handling of Plaintiffs' claims.

36. However, Defendants failed and refused to act in good faith, but instead breached the contracts of insurance in bad faith, and in the absence of any legitimate or arguable reason not to perform as required, by intentionally, willfully, and deliberately refusing to pay benefits which the Defendants knew were owed the Plaintiff under the insurance plan under which the Plaintiffs were covered.

37. As the direct and proximate result of Defendants' willful, intentional, and deliberate bad faith conduct and refusal to pay benefits which Defendants knew were owed the Plaintiffs, Plaintiffs were injured and damaged as alleged above.

- 7 -

FILED IN OFFICE

MAR 0 2 2006

~~Roger A. Parsons~~
CLERK

WHEREFORE, Premises Considered, Plaintiffs request that judgment be entered against the Defendants for compensatory and punitive damages in an amount to be determined by struck jury, plus interest, costs, attorney fees, and such other, further, and different relief as may be appropriate.

## COUNT THREE
(Fraud)

38.     Plaintiffs repeat and re-allege each and every allegation in the preceding paragraphs as if fully set forth herein.

39.     Philena Paher was covered under the policy and entitled to the benefits provided therein including, but not limited to, payment of claims covered under the policy.

40.     At all times relevant hereto, Defendants continuously represented to the Plaintiffs that Defendants would provide the Plaintiffs the insurance coverage they had paid and contracted for and would act in good faith and pay claims covered under the insurance provided.

41.     However, after claims were properly submitted to Defendants for payment of medical bills incurred as a result of medical treatment and care covered under the policy issued by the Defendants, Defendants repeatedly refused to pay the claims, despite the fact that payment was required under the terms of the insurance coverage purchased by the Plaintiffs.

42.     Plaintiffs' decision to maintain their policy with Defendants was based in reasonable reliance upon Defendants' representations regarding their commitment to honor the terms of the policies, to adjust claims in good faith, and to pay any benefits that might come to be due the Plaintiffs.

FILED IN OFFICE

MAR 0 2 2006

Reginald A. Pannan
CLERK

43.    Without Plaintiffs' knowledge, Defendants entered into a pattern and practice of fraudulent conduct and conspired and cooperated with one another in committing the frauds practicing on the Plaintiff, and other insureds, by denying benefits that were due to be paid.

44.    The representations made by Defendants to the Plaintiffs and other insureds in order to induce them into entering into, and then maintaining, policies of insurance were false, were known by the Defendants to be false at the time they were made, and were made with the intent to lead the Plaintiffs and others to rely on said misrepresentations and fraud to their detriment and to Defendants' benefit.

45.    As a direct and proximate result of Defendants' wrongful acts and omissions and fraudulent conduct as previously alleged herein, Plaintiffs have suffered and continue to suffer substantial damages as alleged above.

WHEREFORE, Premises Considered, Plaintiffs request that judgment be entered against the Defendants for compensatory and punitive damages in an amount to be determined by struck jury, plus interest, costs, attorney fees, and such other, further, and different relief as may be appropriate.

## COUNT FOUR
(Suppression)

46.    Plaintiffs repeat and re-allege each and every allegation in the preceding paragraphs as if fully set forth herein.

47.    Philena Paher was covered under the policy and entitled to the benefits provided therein including, but not limited to, payment of claims covered under the policy.

48.    At all times relevant hereto, the Defendants did intentionally, deliberately, and maliciously fail to disclose to the Plaintiffs and similarly situated insureds that Defendants would not

- 9 -

FILED IN OFFICE

MAR 0 2 2006

Ragal A Pervann
CLERK

honor the terms of Plaintiffs' policies of insurance, that the true facts would be disregarded, and that Defendants, in an attempt to improve Defendants' financial status by fraudulently avoiding paying benefits, maintained an undisclosed, secret corporate policy in place aimed at postponing and denying claims and benefits regardless of whether the claims were meritorious and due to be paid.

49.    At all times relevant hereto, the Plaintiffs reasonably relied on, and were deceived by, Defendants' material non-disclosures and changed their position to purchase, and then maintain, the policy of insurance at issue herein.

50.    As a direct and proximate result of Defendants' wrongful acts and omissions and fraudulent conduct as previously alleged herein, Plaintiffs have suffered and continue to suffer substantial damages as alleged above.

WHEREFORE, Premises Considered, Plaintiffs request that judgment be entered against the Defendants for compensatory and punitive damages in an amount to be determined by struck jury, plus interest, costs, attorney fees, and such other, further, and different relief as may be appropriate.

### COUNT FIVE
(Misrepresentation)

51.    Plaintiffs repeat and re-allege each and every allegation in the preceding paragraphs as if fully set forth herein.

52.    Philena Paher was covered under the policy and entitled to the benefits provided therein including, but not limited to, payment of claims covered under the policy.

53.    Prior to, at the time of, and after the Plaintiffs' policy was issued by the Defendants, Defendants did negligently, wantonly, recklessly, and/or intentionally misrepresent the material facts

- 10 -

FILED IN OFFICE

MAR 0 2 2006

Royd A Rosser
CLERK

to the Plaintiffs in order to induce them to continue to act to their detriment and to Defendants' benefit.

54.    Plaintiffs did, in fact, reasonably rely to their detriment on Defendants' misrepresentations and fraudulent conduct.

55.    As a direct and proximate result of Defendants' misrepresentations and fraudulent conduct as previously alleged herein, Plaintiffs have suffered and continue to suffer substantial damages as alleged above.

WHEREFORE, Premises Considered, Plaintiffs request that judgment be entered against the Defendants for compensatory and punitive damages in an amount to be determined by struck jury, plus interest, costs, attorney fees, and such other, further, and different relief as may be appropriate.

## COUNT SIX
(Conspiracy)

56.    Plaintiffs repeat and re-allege each and every allegation in the preceding paragraphs as if fully set forth herein.

57.    Philena Paher was covered under the policy and entitled to the benefits provided therein including, but not limited to, payment of claims covered under the policy.

58.    As previously alleged herein, Defendants conspired with one another to commit fraud upon the Plaintiffs and other similarly situated individuals by misrepresenting and suppressing materials facts from the Plaintiffs, and by wrongfully denying the claim made on behalf of Philena Paher.

- 11 -

FILED IN OFFICE

MAR 0 2 2006

Roger A. Prince
CLERK

59.     As a direct and proximate result of Defendants' conspiracy and fraudulent acts and omissions previously alleged herein, Plaintiffs have suffered and continue to suffer substantial damages as alleged above.

WHEREFORE, Premises Considered, Plaintiffs request that judgment be entered against the Defendants for compensatory and punitive damages in an amount to be determined by struck jury, plus interest, costs, attorney fees, and such other, further, and different relief as may be appropriate.

Respectfully submitted,

_____
One of the Attorneys for Plaintiff

Thomas O. Sinclair
CAMPBELL, WALLER & POER, LLC
2100-A SouthBridge Parkway, Suite 450
Birmingham, Alabama 35209
Phone: (205) 803-0051
Fax:    (205) 803-0053

Allen G. Woodard
WOODARD, PATEL & SLEDGE
1213 East Three Notch Street
Andalusia, Alabama 36420
Phone: (334) 222-9115
Fax:    (334) 222-9448

## JURY DEMAND

Plaintiff hereby demands a trial by struck jury on all counts so triable.

_____

- 12 -

FILED IN OFFICE

MAR 0 2 2006

CLERK

<u>The Clerk is Requested to Serve the Defendants by Certified Mail as follows:</u>

Mega Life & Health Insurance Company

CT Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, AL 36104

National Association of Self Employed (NASE)
CT Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, AL 36104

UICI
CT Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, AL 36104

Stephanie Ann Tranchina
Current address Unknown

- 13 -

FILED IN OFFICE

MAR 0 2 2006

CLERK