IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION


| | | |
|---|---|---|
| DAVID PAHER and PHILENA PAHER, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| vs. | * | CASE NO. 2:06-cv-00297-DRB |
| | * | |
| UICI; MEGA LIFE & HEALTH | * | |
| INSURANCE COMPANY; NATIONAL | * | |
| ASSOCIATION FOR THE SELF | * | |
| EMPLOYED; STEPHANIE TRANCHINA, | * | |
| et al., | * | |
| | * | |
| Defendants. | * | |


**NATIONAL ASSOCIATION FOR THE SELF-EMPLOYED, INC.'S
MOTION TO DISMISS PURSUANT TO RULES 12(b)(6) AND 9(b) OF THE
FEDERAL RULES OF CIVIL PROCEDURE**


COMES NOW, National Association for the Self-Employed, Inc. ("NASE"), and

pursuant to Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure, moves this Court to

dismiss the Complaint in this case, and in support hereof states as follows:[1]

**PRELIMINARY STATEMENT**

1.      This lawsuit is essentially an insurance dispute between an insurance company

and its insureds, David Paher and Philena Paher ("Plaintiffs").  Plaintiffs globally allege that

"Defendants" breached the insurance contract; acted in bad faith by failing to pay insurance

claims;  committed fraud and suppression with respect to honoring the terms of the insurance

---

[1]      NASE specifically reserves and does not waive any other applicable defenses pursuant to Federal
Rule of Civil Procedure 12, or any other procedural rights, objections or defenses, any administrative
remedies, and any right to demand arbitration pursuant to any applicable agreement to arbitrate.

contract, specifically the payment of claims; and conspired with one another to commit the

alleged fraud and suppression, all with respect to health insurance coverage purchased on or

about February of 2003.  *See* Complaint, attached hereto as Exhibit A.

2.    Notwithstanding the clear nature of Plaintiffs' dispute with their insurance

company, Plaintiffs appear to assert claims against NASE for breach of contract, bad faith, fraud,

suppression, misrepresentation and conspiracy.   The allegations pled by Plaintiffs, however,

cannot support any of these claims.

## FACTUAL BACKGROUND

3.    This lawsuit arises from Plaintiffs' purchase of health insurance coverage from

their insurer on or about February of 2003.    Complaint at ¶ 12.    Plaintiffs assert that

"Defendants" (i) breached the contract of insurance by failing to pay insurance benefits (Count

One), (ii) acted in bad faith by refusing to pay insurance benefits (Count Two), (iii)

misrepresented and suppressed material information about the payment of insurance benefits in

accordance with the terms of the policy (Counts Three, Four and Five), and (iv) conspired with

each other to commit the misrepresentation and/or suppression with regard to the alleged

wrongful denial of insurance claims (Count Six).  Complaint at Counts One through Six.

4.    Plaintiffs assert the following allegations in support of their claims:

- Defendants represented to the Plaintiffs that the policy would provide coverage in
  the event of medical circumstances such as those described in the Complaint.  The
  Defendants further represented that any claims on the policy would be
  administered in such a manner as to provide the greatest possible coverage to the
  insureds.

- Defendants have breached, and continue to breach, their contractual duties under the policy of insurance by failing and refusing to pay benefits owed the Plaintiffs.

- Defendants failed and refused to act in good faith, but instead breached the contract of insurance in bad faith … by intentionally, willfully, and deliberately refusing to pay benefits owed the Plaintiffs.

- Defendants continuously represented to the Plaintiffs that Defendants would provide Plaintiffs the insurance coverage they had paid and contracted for and would act in good faith and pay claims covered under the insurance provided.

- Defendants did intentionally, deliberately and maliciously fail to disclose to the Plaintiffs and similarly situated insureds that Defendants would not honor the terms of Plaintiffs' policy of insurance … by fraudulently avoiding paying benefits and by maintaining an undisclosed, secret corporate policy aimed at postponing and denying claims and benefits regardless of whether the claims were meritorious and due to be paid.

- Defendants negligently, wantonly, recklessly and/or intentionally misrepresented the material facts to the Plaintiffs in order to induce them to continue to act to their detriment and to Defendants' benefit.

Complaint at ¶¶ 12, 31, 36, 40, 48, 53.

5.      Plaintiffs do not assert any allegations indicating what role, if any, they believe NASE had with respect to the honoring of the policy terms or the processing of insurance claims. No allegations of wrongdoing are specifically asserted against NASE. With respect to the health insurance at issue, Plaintiffs contracted with their insurer and not with NASE. NASE is not an insurance company. NASE is not a party to the insurance contract at issue. NASE is not wholly

owned, operated or controlled by Plaintiffs' insurer. The focus of Plaintiffs' Complaint is the wrongful denial of insurance claims, and NASE did not process Plaintiffs' insurance claims. It appears from the Complaint that the only reason NASE was named as a defendant is the assertion that Plaintiffs had to join NASE in order to apply for health insurance from their insurer, and that NASE is wholly owned, operated and controlled by Plaintiffs' insurer, which is not true.

6. As demonstrated herein, Plaintiffs have pled causes of action that do not exist against NASE under Alabama law and have failed to plead facts sufficient to support any of the claims that appear to be asserted against NASE. For these reasons, Plaintiffs' claims should be dismissed.

### STANDARD FOR MOTION TO DISMISS

7. Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that an insufficiently-pled complaint should be dismissed if a plaintiff fails to state a claim upon which relief can be granted. NASE, as shown herein, has satisfied its burden of proof to show that Plaintiffs can prove no set of facts that would entitle them to relief in this matter. No construction of the factual allegations of Plaintiffs' Complaint will support the causes of action against NASE. Dismissal is appropriate. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)(a complaint should be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief); *see also Powell v. United States*, 945 F.2d 374, 375-376 (11th Cir. 1991)(same). The Plaintiffs' failure to satisfy Rule 9(b) is an additional ground for dismissal of their Complaint. *See Securities and Exchange Commission v. Scrushy*, No. CV-03-J-615-S, 2005 U.S. Dist. LEXIS 30553, at *5 (N.D. Ala. 2005).

## ARGUMENT AND AUTHORITIES

**A.**    **Plaintiffs Fail to State a Claim against NASE in Counts One and Two for Breach of Contract and Bad Faith, Respectively.**

8.    In Count One of the Complaint, Plaintiffs assert that "Defendants" breached and continue to breach the insurance contract with Plaintiffs by failing and refusing to pay benefits owed to Plaintiffs.  Complaint at ¶¶ 30-31.  In Count Two, Plaintiffs allege that "Defendants" were under a duty to use good faith in handling Plaintiffs' insurance claims but instead in bad faith refused to pay benefits that were owed the Plaintiffs.  Complaint at ¶¶ 35-36.

9.    Plaintiffs globally reference all "Defendants" in those allegations.  There is no specific allegation against NASE.   However, the focus of these causes of action is the insurance contract between Plaintiffs and their insurer.  Plaintiffs do not and cannot assert any allegations of fact that NASE is Plaintiffs' insurer.  NASE is not an insurance company.  NASE is not a party to the insurance contract with Plaintiffs.  NASE did not process Plaintiffs' claims for insurance benefits.   Since NASE is not a party to the insurance contract, a cause of action does not exist against NASE for alleged breach or alleged continuous breach of contract under Alabama law.

10.    In addition, the Alabama Supreme Court has held that "the tort of 'bad faith' is not a cognizable cause of action in Alabama, except in the context of a breach of an insurance contract, by a party to that insurance contract. . . ."  *Ligon Furniture Co. v. O.M. Hughes Insurance, Inc.*, 551 So. 2d 283, 285 (Ala. 1989) (citations omitted).  Given that bad faith claims only apply to parties to the insurance contract, Plaintiffs' claim for bad faith also does not and cannot lie against NASE.  *See, e.g., McDonald v. Integon General Insurance Co.*, 1996 U.S. Dist. Lexis 16890 (S.D. Ala. 1996)(insurance agent, who was not a party to the insurance

contract, could not be liable for breach of contract or bad faith); *Vari-Care, Inc. v. ITT Hartford Insurance Group*, 1994 U.S. Dist. Lexis 10326 (S.D. Ala. 1994)(bad faith claim could not be maintained against a non-party to the insurance contract); *Ligon Furniture Co. v. O.M. Hughes Insurance, Inc.*, 551 So. 2d 283 (Ala. 1989)(agent was not a party to the insurance contract; thus, plaintiff could not recover on the breach of contract claim; summary judgment affirmed on bad faith claim, since it only applies to parties to the insurance contract).  Plaintiffs have failed to and cannot state a claim for breach of contract or bad faith against NASE upon which relief can be granted.  Those claims should be dismissed.

**B.      Plaintiffs' Fraud Claims in Counts Three, Four and Five are Time-Barred.**

11.      Plaintiffs' claims for fraud, suppression, and misrepresentation (Counts Three, Four and Five) are subject to and here are time-barred by a two-year statute of limitations.  *See* Ala. Code §§ 6-2-38(l) and 6-2-3 (2005); *Foremost Insurance Co. v. Parham*, 693 So. 2d 409, 417 (Ala. 1997).  The statute of limitations for fraud runs from the time of discovery of the fraud or when the plaintiff should have discovered the fraud in the exercise of reasonable care.  *See Foremost*, 693 So. 2d at 417; Ala. Code  6-2-3 (2005).  The plaintiff has the burden of alleging that he has brought the action within the statutory time limitation.  Alabama law requires that a plaintiff plead facts indicating why, through the exercise of ordinary care, he could not have discovered the fraud or suppression.  *See, e.g., Smith v. National Security Insurance Co.*, 860 So. 2d 343, 347 (Ala. 2003)(affirmed the Rule 12(b)(6) dismissal of similar fraud claims based on statute of limitations grounds); *Kindred v. Burlington Northern Railroad Co.*, 742 So. 2d 155, 158 (Ala. 1999)("plaintiff has the burden of alleging he has brought the action within the statutory time limitation; this implies a duty to allege an excuse for delaying beyond the statutory period")(citation omitted).

12.     There are no allegations of any facts in the Complaint that would toll the running of the two-year statute of limitations.  The fraud allegations in Plaintiffs' Complaint are generalized allegations that defendant Stephanie Tranchina visited Plaintiffs' home in February 2003, that "Defendants" made certain representations regarding insurance coverage, and that "continuous" representations were made by "Defendants" regarding the provision of coverage and the payment of claims.  Complaint at ¶¶ 12, 40.  Those allegations are insufficient to fall within the saving clause of Section 6-2-3 of the Alabama Code.  A general reference to the fraud being "of a continuous nature" does not cure these deficiencies and does not avoid dismissal of Plaintiffs' fraud claims.  *See, e.g., Smith v. National Security Insurance Co.*, 860 So. 2d 343, 347 (Ala. 2003)(plaintiff's "general reference to the alleged fraud as being 'of a continuing nature' [was] wholly lacking in specificity and equally deficient as a means of saving the action from the bar of the statute of limitations appearing on the face of the complaint"); *Miller v. Mobile County Board of Health*, 409 So. 2d 420, 422-423 (Ala. 1981)(affirmed dismissal of claims pursuant to Rules 12 and 9 based on failure to plead facts to save claims from statute of limitations bar).  Here, the Complaint fails to allege facts or circumstances by which the Defendants concealed a cause of action so as to toll the statute of limitations and fails to show what prevented Plaintiffs from discovering the facts surrounding the alleged fraud and asserting their claims within the required statutory period.  Plaintiffs' fraud claims are time-barred after February 2005.  This lawsuit was not filed until March 2006.  Accordingly, Plaintiffs' fraud claims (Counts Three, Four and Five) should be dismissed.

**C.     None of Plaintiffs' Fraud-Based Claims Satisfy Rule 9(b).**

13.     Plaintiffs fail to allege their fraud, suppression and misrepresentation claims (Counts Three, Four and Five) with sufficient particularity as required by Rule 9(b) of the

Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 9(b) provides that: "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). This rule serves to alert "defendants to the 'precise misconduct with which they are charged' and [to protect] defendants 'against spurious charges of immoral and fraudulent behavior.'" *Durham v. Business Management Associates*, 847 F. 2d 1505, 1511 (11th Cir. 1988)(citation omitted). To satisfy Rule 9(b), the complaint must set forth: "(1) the content of the precise statement or omission; (2) who made, or failed to make, such statement; (3) where the statement was, or should have been, made; (4) when the statement was, or should have been, made; and (5) what the defendants gained as a consequence." *Scrushy*, 2005 U.S. Dist. LEXIS 30553, at *6 (citation omitted)(citing *Brooks v. Blue Cross and Blue Shield of Fla., Inc.*, 116 F. 3d 1364, 1371 (11th Cir. 1997)). In other words, "general, conclusory allegations of fraud" are inadequate. *Morrow v. Green Tree Servicing, L.L.C.*, 360 F. Supp. 2d 1246, 1250 (M.D. Ala. 2005) (citing *Cooper v. Blue Cross & Blue Shield of Fla., Inc.*, 19 F. 3d 562, 568 (11th Cir. 1994)).

14.    Furthermore, "[c]ourts interpret Rule 9(b) as requiring a complaint filed against multiple defendants to distinguish among defendants and specify their respective role in the alleged fraud." *McAllister Towing & Transp. Co., Inc. v. Thorn's Diesel Service, Inc.*, 131 F. Supp. 2d 1296, 1301 (M.D. Ala. 2001)(where complaint did not contain specific allegations with respect to each separate defendant, plaintiff failed to plead a claim for fraud); *Brooks v. Blue Cross & Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1381 (11th Cir. 1997)(same); *see also Balabanos v. North American Investment Group, Ltd.*, 708 F. Supp. 1488, 1493 (N.D. Ill. 1988) (stating that in cases involving multiple defendants "the complaint should inform each defendant of the specific fraudulent acts that constitute the basis of the action against the particular

8

defendant").    A plaintiff must identify which defendant is responsible for the alleged misrepresentations and where those misrepresentations took place.  *See, e.g., Ziemba v. Cascade International, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001)("Rule 9(b) is satisfied if the complaint sets forth '(1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, . . . '").    Thus, "a plaintiff does not satisfy [the Rule 9(b)] requirement by simply grouping the defendants together by vaguely alleging that the 'defendants' made the alleged fraudulent statements."  *McAllister*, 131 F. Supp. 2d at 1301; *see also Vicom, Inc. v. Harbridge Merchant Services, Inc.*, 20 F.3d 771, 778 (7th Cir. 1994) ("Rule 9(b) is not satisfied where the complaint vaguely attributes the alleged fraudulent statements to 'defendants.'")(quoting *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2nd Cir. 1993)); *Sky Tech. Partners, L.L.C. v. Midwest Research Inst.*, 125 F. Supp. 2d 286, 299 (S.D. Ohio 2000)(complaint was deficient under Rule 9(b) where the "plaintiff fail[ed] to identify those employees or representatives of the defendants who made the allegedly fraudulent statements").

15.    Here, Plaintiffs do not identify the content of any precise statement or omission. The Plaintiffs allege only that in February 2003, "Defendants represented to the Plaintiffs that the policy would provide coverage in the event of medical circumstances such as those described below" and "that any claims on the policy would be administered in such a manner as to provide the greatest possible coverage to the insureds."  Complaint at ¶ 12.  In Count Three, Plaintiffs also vaguely aver that "Defendants continuously represented to the Plaintiffs that Defendants would provide the Plaintiffs the insurance coverage they had paid and contracted for and would

act in good faith and pay claims covered under the insurance provided." Complaint at ¶ 40. Such allegations clearly do not meet Rule 9(b)'s requirements.

16.    Furthermore, those allegations make no attempt to identify which of the various Defendants allegedly made any misrepresentation or failed to disclose a material fact. Instead, Plaintiffs allege only that unspecified "Defendants" made misrepresentations or failed to disclose facts. *See, e.g.,* Complaint at ¶ 12 ("The Defendants represented . . . Defendants further represented . . ."); ¶ 40 ("Defendants . . . continuously represented to the Plaintiffs . . ."); ¶ 48 ("Defendants fail to disclose . . .")). Due to this failure alone, Plaintiffs' claims for fraud and suppression should be dismissed. *See, e.g., McAllister*, 131 F. Supp. 2d at 1301-1302.

17.    In addition to failing to identify which of the various "Defendants" in this action purportedly misrepresented or failed to disclose a material fact, Plaintiffs do not allege when or where these purported misrepresentations or omissions occurred. The <u>only</u> specific allegations in the Complaint of a particular statement about the Plaintiffs' transaction are summarized in paragraph 12. In that paragraph, Plaintiffs do not even allege what statement was false. Complaint at ¶ 12. Plaintiffs' generalized statements setting out fraud are insufficient under federal law. *Brooks*, 116 F. 3d at 1381. Because no facts regarding fraud or suppression are alleged with any particularity, let alone the heightened particularity required by Rule 9, Plaintiffs' claims for fraud and suppression fail and are due to be dismissed. *See Brooks*, 116 F.3d at 1371, 1381-1382; *Morrow*, 360 F. Supp. 2d at 1250-51 (Rule 9(b) not satisfied where plaintiff failed to allege denials of fraudulent acts, when they occurred, and who engaged in them); *Cooper*, 19 F.3d at 568 (same); *Friedlander v. Nims*, 755 F.2d 810, 813-14 (11th Cir. 1985)(dismissal for failure to comply with Rule 9(b)).

18.     Moreover, Plaintiffs have failed to plead what NASE gained as a consequence of the alleged fraudulent misrepresentations or suppressions of material fact.    In their Complaint, Plaintiffs contend in Count Four that "Defendants" failed to disclose that they would not honor the terms of the policy and would deny meritorious claims in order to improve "their" financial status.  Complaint at ¶ 48.   There is no specific allegation in the Complaint as to what NASE gained as a result of the alleged fraud.  However, Plaintiffs' fraud claims are focused on the alleged wrongful denial of insurance claims, and again, NASE is not an insurance company, is not Plaintiffs' insurer, is not wholly owned, operated or controlled by Plaintiffs' insurer, and does not process insurance claims.

19.     Furthermore, Plaintiffs have failed to plead each element of their fraud claims with the required specificity.  In particular, Plaintiffs have not alleged why they were justified in relying on the alleged misrepresentations or omissions – a key element of their fraud claims.  *See generally* Complaint.  Instead, Plaintiffs plead in a most conclusory fashion that they relied on the alleged representations and suppressions of Defendants to their detriment.  Complaint at ¶¶ 42, 49, 54.  The Plaintiffs must do more than simply allege that they "reasonably relied" – instead, they must explain how they relied and why that reliance was reasonable.  *See Brooks*, 116 F.3d at 1381-1382.   NASE contends that Plaintiffs, however, cannot do more in that regard as to NASE, because, even if, *arguendo*, NASE made certain representations to Plaintiffs that it would provide insurance coverage and pay claims, Plaintiffs could not have reasonably relied thereon, since Plaintiffs applied for and were issued coverage by their insurer, which undisputedly was not NASE.  NASE did not provide the coverage, is not Plaintiffs' insurer and did not process Plaintiffs' insurance claims.  Plaintiffs do not and cannot factually contend that NASE is their insurer or that it processed their insurance claims, such that any reliance on the

alleged fraud or suppression by NASE as to honoring the policy terms or paying claims would

have been unreasonable.

20.     Plaintiffs' fraud claims in Counts Three, Four and Five of their Complaint fail

because they do not identify any misstatement, the place or time of the statement, the speaker,

the manner in which Plaintiffs were misled, and what NASE obtained as a result.  Plaintiffs do

not assert any allegations indicating what role, if any, they believe NASE had with respect to the

honoring of the policy terms or the processing of insurance claims.  There are no allegations of

wrongdoing specifically asserted against NASE.  The focus of Plaintiffs' Complaint is the

wrongful denial of insurance claims, and NASE is not Plaintiffs' insurer and did not process

Plaintiffs' insurance claims.   It appears from the Complaint that the only reason NASE was

named as a defendant is the assertion that Plaintiffs had to join NASE in order to apply for health

insurance from their insurer, and that NASE is wholly owned, operated and controlled  by

Plaintiffs' insurer, which is untrue.  Those assertions are wholly insufficient to support any of the

fraud-based claims that Plaintiffs appear to assert against NASE in this case.

21.     As shown herein, Plaintiffs have failed to plead sufficient facts to support their

fraud, suppression and misrepresentation claims.  Those claims should be dismissed pursuant to

Federal Rule of Civil Procedure 9(b).

**D.     Plaintiffs Have Failed to State of Claim for Suppression in Count Four.**

22.     The claim for suppression (Count Four) must fail for an additional reason.

Plaintiffs assert that Defendants intentionally, deliberately and maliciously fail to disclose to the

Plaintiffs and similarly situated insureds that Defendants would not honor the terms of Plaintiffs'

policy of insurance … by fraudulently avoiding paying benefits and by maintaining an

undisclosed, secret corporate policy in place aimed at postponing and denying claims and

benefits regardless of whether the claims were meritorious and due to be paid. Complaint at

¶ 48. To state a claim for fraudulent suppression, a plaintiff must show, among other things, that

the defendant had a duty to disclose an existing material fact either because of a confidential

relationship or special circumstances. *See, e.g., Booker v. United American Insurance Co.*, 700

So. 2d 1333, 1339 (Ala. 1997)(duty to disclose is an essential element of a fraudulent

suppression claim). The existence of a duty to disclose is a question of law for the court. *See*

*State Farm Fire & Casualty Co. v. Owen*, 729 So. 2d 834, 841-842 (Ala. 1998). Applying these

legal principles to the present case, not one of Plaintiffs' allegations elevates any relationship

between Plaintiffs and NASE to a confidential relationship or one involving special

circumstances, such that NASE, who again is not the Plaintiffs' insurer, would have a duty to

disclose that it would not honor the terms of the policy and would deny meritorious claims, as

alleged. There simply is no specific fact anywhere in the Complaint nor could there be any

allegation of fact that would explain or support why such a duty would exist for NASE.

Plaintiffs' claim for suppression must fail.

**E.      Plaintiffs' Conspiracy Claim Must Fail.**

23.     Plaintiffs allege that "Defendants" conspired with one another to commit the

misrepresentation and suppression of material facts relating to the terms of the insurance contract

and specifically, to wrongfully deny claims for insurance benefits. Complaint at ¶ 58. The

Complaint itself shows that NASE did not conspire with any of the other Defendants to commit a

wrongful act. "A conspiracy cannot exist in the absence of an underlying tort." *Willis v. Parker*,

814 So. 2d 857, 867 (Ala. 2001). Pursuant to Alabama law, a defendant's liability for civil

conspiracy depends upon the existence of an underlying wrong, such that if the underlying

wrong provides no cause of action under Alabama law, neither does the conspiracy. *Id.* (quoting

*Jones v. BP Oil Co.*, 632 So. 2d 435, 439 (Ala. 1993)). As demonstrated above, since all of

Plaintiffs' other claims should be dismissed, their conspiracy claim must fail as well.

## CONCLUSION

NASE has shown that Plaintiffs would not be entitled to relief under any set of facts that

could be proved consistent with Plaintiffs' allegations. Plaintiffs have pled causes of action that

do not exist against NASE under Alabama law and have failed to plead facts (and in fact,

Plaintiffs cannot aver allegations of fact) sufficient to support any of the claims that appear to be

asserted against NASE. NASE requests that this Court grant its Motion to Dismiss the Plaintiffs'

claims pursuant to Federal Rules of Civil Procedure Rules 12(b)(6) and 9(b). NASE also

requests such other and further relief to which it is justly entitled.


*s/ Pamela A. Moore*_____
JAMES W. LAMPKIN II (LAMPJ7474)
PAMELA A. MOORE (MOORP5421)
Attorneys for Defendant
National Association for the Self-Employed, Inc.


OF COUNSEL:

ALFORD, CLAUSEN & McDONALD, LLC
One St. Louis Centre, Suite 5000
Mobile, Alabama 36602
(251) 432-1600
(251) 432-1700 (fax)

14

CERTIFICATE OF SERVICE

        I hereby certify that on April 10, 2006, the foregoing document was electronically filed with the Clerk of this Court using the CM/ECF system which will send notification of such filing to the following:

Thomas O. Sinclair, Esq.
Campbell, Waller & Poer, LLC
2100-A SouthBridge Parkway, Suite 450
Birmingham, AL  35209
E-mail:  tsinclair@cwp-law.com

Allen G. Woodard, Esq.
Woodard, Patel & Sledge
1213 East Three Notch Street
Andalusia, AL  36420
E-mail:  awoodard@alaweb.com

Henry R. Callaway, III, Esq.
E. Luckett Robinson, II, Esq.
Rodney R. Cate, Esq.
Hand Arendall, L.L.C.
P. O. Box 123
Mobile, AL  36601
E-mail:  hcallaway@handarendall.com
E-mail:  lrobinson@handarendall.com
E-mail:  rcate@handarendall.com

*s/ Pamela A. Moore*_____
COUNSEL