# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| DAVID PAHER and PHILENA PAHER, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CASE NO. 2:06-CV-297-WKW ) |
| UICI; MEGA LIFE & HEALTH INSURANCE COMPANY; NATIONAL ASSOCIATION FOR THE SELF EMPLOYED; STEPHANIE TRANCHINA; and FICTITIOUS DEFENDANTS "A", "B", and "C", whether singular or plural, are those other persons, corporations, firms, or other entities whose wrongful conduct caused or contributed to the cause of the injuries and damage to the plaintiff, all of whose true and correct names are unknown to the plaintiff at this time, but which will be substituted by amendment when ascertained, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

## PLAINTIFFS' RESPONSE TO DEFENDANTS MEGA'S AND NASE'S MOTIONS TO DISMISS

COMES NOW the Plaintiffs David and Philena Paher (the "Pahers"), and in response to the Defendants' Motions to Dismiss[1], state as follows.

---

[1] On April 6, 2006, Defendant Mega filed a Partial Motion to Dismiss [Doc. No. 3]. On April 10, 2006 Defendant NASE filed a Motion to Dismiss [Doc. No. 7]. To avoid duplicative briefing and in the interest of brevity the Plaintiffs address herein BOTH Mega's and NASE's Motions to Dismiss.

## I. INTRODUCTION

1.      The Pahers' complaint was filed on March 2, 2006 in the Circuit Court for Covington County alleging:

- All of the Defendants were involved in the sale of a health insurance policy to the Pahers. [Complaint Doc. No. 5-2 at heading "The Parties" paragraphs 1-7, and at heading "Statement of Facts" paragraphs 10-19];

- "The Defendants have no substantial separate existence of their own and, as such, should be held jointly and severally liable for any damages that may be awarded." [Complaint Doc. No. 5-2 at heading "Joint and Several Liability" paragraphs 21-27];

- The Defendants failed to provide the required coverage thereby breaching the contract. [Complaint Doc. No. 5-2 Count One "Breach of Contract" at p. 6];

- The Defendants acted in a bad faith manner and refused to provide the benefits due under the insurance contract [Complaint Doc. No. 5-2 Count Two "Bad Faith" at p. 7];

- That the Defendants acted in concert in committing fraud in the sale of the policy, while collecting premiums during the policy periods and in the adjustment of claims. [Complaint Doc. No. 5-2 Count Three "Fraud" at p. 8];

- That "the Defendants did intentionally, deliberately, and maliciously fail to disclose to the Plaintiffs and similarly situated insureds that Defendants would not honor the terms of Plaintiffs= policies of insurance, that the true facts would be disregarded, and that Defendants, in an attempt to improve Defendants= financial status by fraudulently avoiding paying benefits, maintained an undisclosed, secret corporate policy in place

aimed at postponing and denying claims and benefits regardless of whether the claims were meritorious and due to be paid." [Complaint Doc. No. 5-2 Count Four "Suppression" at paragraph 48];

- That "prior to, at the time of, and after the Plaintiffs= policy was issued by the Defendants, Defendants did negligently, wantonly, recklessly, and/or intentionally misrepresent the material facts to the Plaintiffs in order to induce them to continue to act to their detriment and to Defendants= benefit." [Complaint Doc. No. 5-2 Count Five "Misrepresentation" at paragraph 53]; and

- That "Defendants conspired with one another to commit fraud upon the Plaintiffs and other similarly situated individuals by misrepresenting and suppressing materials facts from the Plaintiffs, and by wrongfully denying the claim made on behalf of Philena Paher." [Complaint Doc. No. 5-2 Count Six "Conspiracy" at paragraph 58].

2. On April 3, 2006, Defendant Mega Life & Health Insurance Company ("Mega") filed a Notice of Removal removing this action to this Court. [Doc. No. 5]. Defendant National Association for the Self Employed ("NASE") joined in the removal. [Doc. No. 5].

3. On April 6, 2006, Mega filed a "Partial Motion to Dismiss Pursuant to Rules 12(B)(6) and 9(B)" seeking dismissal of "Counts Three, Four, Five, Six of the Complaint." [Doc. No. 3 at p. 1].

4. On April 10, 2006, NASE filed a "Motion to Dismiss Pursuant to Rules 12(B)(6) and 9(B)" seeking dismissal of the Complaint in its entirety as to NASE. [Doc. No. 7].

## II.  THE DEFENDANT'S BURDEN

"A Rule 12(b)(6) motion questions legal sufficiency of a complaint; therefore, in assessing the merits of a Rule 12(b)(6) motion, the Court must assume that all factual allegations set forth in the complaint are true." Skilstaf, Inc., v. Adminitron, Inc., 66 F.Supp. 2d 1210, 1213 (citing to U.S. v. Gaubert, 499 U.S. 315, 111 S.Ct. 1267 (1991); Powell v. Lennon, 914 F.2d 1459 (11th Cir. 1990); Anderson - Free v. Steptoe, 970 F.Supp. 945 (M.D. Ala. 1997). Furthermore, "all factual allegations are to be construed in the light most favorable to the plaintiff." Skilstaf, 66 F.Supp. 2d at 1213 (citations omitted).

Therefore, "on a motion to dismiss for failure to state a claim upon which relief may be granted, the movant [Defendants] sustains a very high burden." Id. Furthermore, "the Eleventh Circuit has held that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which will entitle him to relief." Id. (emphasis added).

Therefore, assuming all of the factual allegations set forth in the Plaintiff's Complaint are true, and that all factual allegations are to be construed in the light most favorable to the Plaintiff, the Defendants are required to show beyond doubt that the Plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Id.

## III.  PLAINTIFFS' UNDISPUTED FACTUAL ALLEGATIONS

"The National Association of Self Employed (NASE) offers a group [health] plan to members that is underwritten by Mega Life & Health Insurance Company. NASE is wholly owned, operated, and controlled by Mega." [Complaint Doc. No. 5-2 at paragraph 5].

4

"Stephanie Tranchina ("Tranchina") came to the Paher's residence and made certain representations about the quality of the insurance and the services to be provided by the other defendants." Id. at paragraph 6. "In or about February of 2003 Tranchina came to the Plaintiff's residence and solicited the Plaintiffs to purchase the insurance policy referenced above." Id. at paragraph 7. "In order to obtain said insurance, David Paher was informed by Tranchina that he had to pay an upfront fee and monthly fees in order to join NASE in order to get health insurance through Mega Life and Health." Id. at paragraph 13. "The policy at issue (Certificate Number 09053629435) took effect beginning on March 5, 2003 on behalf of the named insured, David Paher, and his wife, Philena Paher, both of whom are covered under the policy." Id. at paragraph 11. "Subsequent to the effective date of the policy, Philena Paher suffered various physical injuries and/or conditions requiring her to seek medical treatment and care." Id. at paragraph 13.

"Such conditions and treatments include, but are not limited to, August 27, 2003 visits to Andalusia Hospital to seek treatment for severe pain Philena Paher was suffering. On the first such visit, she was diagnosed with a bladder infection. After the first visit to the ER on that date, she continued to suffer pain and returned to Andalusia Hospital, where she was then diagnosed as having kidney stones. Of the original Andalusia Hospital bill of over $1,100, there is a NASE discount of $195.79; however, the remainder of the bills were improperly declined as being pregnancy related. After the second visit to Andalusia Hospital, Philena Paher was instructed to immediately seek treatment at Baptist East Hospital in Montgomery. When she reached Montgomery, she was admitted into the hospital. The resulting Baptist East bill for treatment in the amount of $5,140.75 for kidney stones was also improperly declined as being pregnancy related." Id. at paragraphs 14 and 15.

# VI.  ARGUMENT

**A.  Mega's Motion to Dismiss Counts Three, Four, Five, and Six.**

Mega seeks dismissal of the Plaintiffs claims of Fraud (Count 3), Suppression (Count 4), Misrepresentation (Count 5), and Conspiracy (Count 6) on the assertion that "Plaintiffs do not allege these claims with the particularity required by Rule 9(b)." [Mega's Motion to Dismiss, Doc. No. 3 at p. 2]. Mega further asserts dismissal of the Suppression claim (Count 4) is appropriate on the basis that the Pahers failed to allege a "confidential relationship or other facts which would impose on Mega a duty of disclosure". Id.

    1.    The "Fraud Claims"

Mega argues that the Plaintiffs have failed to plead fraud with particularity. [Mega's Motion to Dismiss Doc. No. 3 at p. 3]. Mega argues that under the heading of the various counts the Plaintiff has failed to set forth with particularity the facts supporting Plaintiffs' fraud claims. In the portion of the Plaintiffs' complaint under the heading Statement of Facts, the Plaintiff has set forth the basis of the fraud claims:

> In or about February of 2003 Tranchina came to the Plaintiff's residence and solicited the Plaintiffs to purchase the insurance policy referenced above. The Defendants represented to the Plaintiffs that the policy would provide coverage in the event of medical circumstances such as those described below. The Defendants further represented that any claims on the policy would be administered in such a manner as to provide the greatest possible coverage to the insureds. In order to obtain said insurance, David Paher was informed by Tranchina that he had to pay an upfront fee and monthly fees in order to join NASE in order to get health insurance through Mega Life and Health. Subsequent to the effective date of the policy, Philena Paher suffered various physical injuries and/or conditions requiring her to seek medical treatment and care.

Plaintiffs' Complaint Doc. No. 5.

"Rule 9(b) must be read in conjunction with Rule 8(a) of the Federal Rules of Civil Procedure, which requires the Plaintiff to plead only a short, plain statement of the grounds upon he is entitled to relief." McAllister's Towing & Transportation Co. Inc. v. Thorn's Diesel Svc. Inc., 131 F.Supp.2d 1296, 1301 (M.D. Ala. 2001). "Rule 9(b) may be satisfied if the complaint sets forth: (1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements mislead the Plaintiffs; and (4) what the Defendants gain by the alleged fraud.

As to the last element, see Doc. No. 5-4, Declaration of Mega Life's senior claims specialist Joann Jones setting out that Mega Life collected $5,222 in premiums and further saved $9,498.30 by refusing to pay said claims.

In the present case the Plaintiffs have provided sufficient particularity within the complaint so as to put the Defendants on notice of the basis for the fraud counts. Defendants cannot meet their burden by showing "beyond doubt" that the Plaintiffs can prove no set of facts that would support a fraud claim. Skilstaff, 66 F.Supp 2d at 1213.

    2.    Plaintiffs' Claims Are Not Time Barred

Mega goes on to assert that Plaintiffs' fraud claims are time barred "under Alabama's two-year statute of limitations." Mega's Motion to Dismiss Doc. No. 3 at p. 6. Ala. Code § 6-2-3 (1975) states that "in actions seeking relief on the ground of fraud where the statute has created a bar, the claim must not be considered as having accrued until the discovery by the aggrieved party of the facts constituting

the fraud, after which he must have two years within which to prosecute his action." Ala. Code § 6-2-3 (1975).

> Following the Defendant's initial denial of the claims Plaintiffs pursuant to the administrative procedures within the policy Plaintiffs submitted a formal appeal requesting reconsideration. The first appeal was filed in April 2005 subsequent appeals followed. The company refused to reverse its prior denial of benefits. In August 2005 the company provided its final denial refusing to provide any documentation to support its denial of benefits.

Plaintiffs' Complaint, Doc. No. 5-2 at paragraph 19. As Plaintiffs clearly state within the Complaint (which must be taken as undisputed fact) Plaintiffs did not become aware of Defendant's fraudulent conduct until 2005. As such Mega's argument that the Plaintiffs' fraud claims are time barred are without merit.

    3.    The Sufficiency Of The Plaintiffs' Suppression Claim

Defendant Mega asserts that Alabama law establishes that no duty to disclose exists between an insurer and an insured. Mega's Motion to Dismiss Doc. No. 3 at p. 7. In support of this proposition, Mega cites the Court to State Farm Fire & Casualty Co. v. Owen, 729 So.2d 834 (Ala. 1998). However, as the Court in Owen noted, "the concept of duty does not exist in a vacuum. It requires a relationship between two or more parties, a relationship that can be shown only through a history of contacts, conversations, and circumstances. Determining whether there is a duty necessarily requires analyzing the factual background of the case." Owen 729 So.2d at 839. In fact, the question in Owen which the Alabama Supreme Court addressed was whether the trial court properly charged the jury with the duty to determine the existence of a duty between the two parties. Owen, 729 So.2d 834. In

the present case, the question is whether the Defendants can meet their burden of showing "beyond doubt" that the Plaintiff can prove no set of facts which would entitle the Plaintiffs to relief. Skilstaff, 66 F.Supp.2d at 1213. In the Owen case the Alabama Supreme Court held that the Plaintiff had failed to establish the existence of a duty to disclose, but did not hold that no duty to disclose can ever be found to exist between an insured and the insurance company. Owen, 729 So.2d 834. Therefore, the Defendants fail to meet their burden of establishing the Plaintiffs can never prove facts which would establish a duty to disclose, and the Defendant's Motion to Dismiss the fraudulent suppression claim is due to be denied.

    4.    The Conspiracy Claim

Defendant Mega argues that Plaintiffs' conspiracy claim must be dismissed "since Plaintiffs' fraud claims should be dismissed, the conspiracy likewise fails." [Defendant Mega's Motion to Dismiss Doc. No. 3 at p. 10]. As shown above, the Defendant's failed to meet their burden of establishing their right to dismissal of the fraud counts and as such the underlying fraud counts support the conspiracy claim. Defendants have failed to establish that the Plaintiffs conspiracy claim is due to be dismissed.

    **B.**    **NASE's Motion to Dismiss**

Defendant NASE argues for the dismissal of Plaintiffs' complaint in its entirety as to NASE. [NASE's Motion to Dismiss Doc. No. 7]. NASE argues "no allegations of wrongdoing are specifically asserted against NASE." Id at paragraph 5.

> JOINT AND SEVERAL LIABILITY
> 21.    The named Defendants herein are jointly and severally liable on all counts.
> 22.    Defendant Mega Life & Health Insurance Company ("Mega") is a wholly owned subsidiary of Defendant UICI. The National Association of Self Employed (NASE) offers a group plan to members which is underwritten by

>Mega Life & Health Insurance Company. Further, the NASE offers group plans to its members which is underwritten by Mega.
>
>23. Defendant UICI controls both subsidiaries to the degree that neither Mega nor NASE have any substantial separate existence of their own.
>
>24. In filings with the security and exchange commission Defendant UICI represents in its filings that the assets of the Defendant's Mega and NASE are assets of the Defendant UICI.
>
>25. In filings with the securities and exchange commission the Defendant UICI represents that the liabilities of the Defendants Mega and NASE are liabilities of the Defendant UICI.
>
>26. Members of the board of directors of the Defendants NASE and Mega are in fact Defendant UICI employees.
>
>27. The Defendants have no substantial separate existence of their own and, as such, should be held jointly and severally liable for any damages that may be awarded.

[Complaint Doc. No. 5-2 at pp. 5-6].

In Perry v. Household Retail Services, Inc., 953 F.Supp. 1378 (M.D. Ala. 1996), Judge DeMent set forth certain factors to determine whether a parent corporation has such control over the subsidiary that piercing the corporate veil is appropriate. Those factors included the following:

>(a)   the parent corporation owns all or most of the capital stock of the subsidiary;
>(b)   the parent and subsidiary corporations have common directors or officers;
>(c)   the parent corporation finances the subsidiary;
>(d)   the parent corporation subscribes to all of the capital stock of the subsidiary or otherwise causes its incorporation;
>. . .
>(f)   the parent corporation pays the salaries and other expenses or losses of the subsidiary;
>(g)   the subsidiary has substantially no business except with the parent corporation or no assets except those conveyed to it by the parent corporation;
>(h)   in the papers of the parent corporation or in the statements of its officers, the subsidiary is described as a department or division of the parent corporation, or its business or financial responsibility is referred to as the parent corporation's own;
>(i)   the parent corporation uses the property of its subsidiary as its own;
>(j)   the directors or executives of the subsidiary do not act independently in the interest of the subsidiary but take their orders from the parent corporation in the latter's interest;
>. . .

Perry, 953 F. Supp. at 1381, 1382.

In the present case, within the Complaint, the Plaintiffs have set forth how each of the factors set forth above weigh in favor of finding that joint and several liability is appropriate.

## **CONCLUSION**

The Motions to Dismiss are due to be denied given the allegations set forth within the Plaintiff's Complaint, which at this stage in the proceedings must be taken as true and undisputed facts, are sufficient to state the enumerated causes of action as to each Defendant.

Wherefore, premises considered, Plaintiff respectfully requests this Court deny the Defendants' Motions to Dismiss in their entirety.

                                                  s/ Thomas O. Sinclair
                                                  Thomas O. Sinclair
                                                  SIN018

Campbell, Waller & Poer, LLC
Suite 450, 2100-A SouthBridge Parkway
Birmingham, AL 35209
(205) 803-0051

Allen G. Woodard
Woodard, Patel & Sledge
1213 East Three Notch Street
Andalusia, AL 36420
P: 334-222-9115
F: 334-222-9448

## CERTIFICATE OF SERVICE

I hereby certify that on May 8, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Edward Luckett Robinson, II
Henry A. Callaway, III
Rodney Reed Cate
Hand, Arendall
PO Box 123
Mobile, AL 36601
P: 251-432-5511
F: 251-694-6375
**Attorneys for UICI and Mega Life**

James Wayne Lampkin, II
Pamela Ann Moore
Alford, Clausen & McDonald, LLC
One St. Louis Centre
Suite 5000
Mobile, AL 36602-3929
P: 251-432-1600
F: 251-694-6375
**Attorneys for NASE**

s/ Thomas O. Sinclair
Campbell, Waller, & Poer
2100-A Southbridge Parkway
Suite 450
Birmingham, AL 35209
P: 205-803-0051
F: 205-803-0053
E: tsinclair@cwp-law.com
(SIN018)