# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | |
|---|---|
| **DAVID PAHER and** | ) |
| **PHILENA PAHER** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **UICI;** | ) |
| **MEGA LIFE & HEALTH INSURANCE** | ) |
| **COMPANY;** | ) |
| **NATIONAL ASSOCIATION FOR THE** | ) |
| **SELF EMPLOYED;** | ) |
| **STEPHANIE TRANCHINA;** | ) |
| **and FICTITIOUS DEFENDANTS** | ) |
| **"A," "B," and "C," whether singular or** | ) |
| **plural, are those other persons,** | ) |
| **corporations, firms, or other entities** | ) |
| **whose wrongful conduct caused or** | ) |
| **contributed to the cause of the injuries** | ) |
| **and damage to the plaintiff, all of** | ) |
| **whose true and correct names are** | ) |
| **unknown to the at this time,** | ) |
| **but which will be substituted by** | ) |
| **amendment when ascertained,** | ) |

**CIVIL ACTION NO.:  2:06cv297-DRB**

      **Defendants.**

## THE MEGA LIFE AND HEALTH INSURANCE COMPANY'S REPLY TO PLAINTIFFS' RESPONSE TO MOTION TO DISMISS

COMES NOW Defendant The MEGA Life and Health Insurance Company ("MEGA"), and replies to Plaintiffs' Response to MEGA's Motion to Dismiss as follows:

1.      In its partial motion to dismiss, MEGA moved the Court to dismiss Counts Three, Four, Five and Six of Plaintiffs' Complaint.  Counts Three, Four and Five are fraud claims and are due to be dismissed as these claims (1) are not pled with the requisite particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure and (2) are promissory fraud claims which

fail to allege that at the time the alleged fraudulent statement was made, MEGA did not intend to perform in the future and that the speaker had a present intent to deceive. Plaintiffs' response to MEGA's motion to dismiss Counts Three, Four and Five provides no contrary legal authority but merely recites the allegations in the Complaint, which on its face fails to comply with the pleading requirements of Rule 9(b). Moreover, Plaintiffs' response to MEGA's partial motion to dismiss failed to address MEGA's argument that Plaintiffs' fraud claims are due to be dismissed as such claims are promissory fraud claims, which fail to aver the additional promissory fraud elements listed above. As such, Plaintiffs' fraud claims contained in Counts Three, Four and Five are due to be dismissed.[1]

2.      In its partial motion to dismiss, MEGA argued that Plaintiffs' fraud claims arising from the alleged February 2003 statements are time-barred under Alabama's two-year statute of limitations. In their response, Plaintiffs argue that because they filed an appeal to MEGA's initial claim denial, the statute of limitations is somehow tolled. However, Plaintiffs cite no legal authority for this proposition. The face of the Complaint alleges fraud from a February 2003 conversation. Plaintiffs did not file their lawsuit until March 2, 2006. Since the Plaintiffs do not allege any facts which would save these claims from the two-year time bar, Plaintiffs' fraud and conspiracy claims contained in Counts Three, Four, Five and Six are due to be dismissed.

3.      MEGA moved to dismiss Plaintiffs' suppression claim contained in Count Four of the Complaint for the additional reason that the facts alleged in the Complaint do not indicate or even suggest a duty to disclose by MEGA. As set forth in MEGA's partial motion to dismiss, Alabama law is clear that there is no duty to disclose in this case because an insurer such as MEGA does not stand in a confidential relationship with an insured. See State Farm Fire & Cas.

---

[1] Plaintiffs' suppression claim (Count Four) fails along with Plaintiffs' misrepresentation claim on the promissory fraud issue as the suppression claim is merely the inverse of the misrepresentation claim.

Co. v. Owen, 729 So. 2d 834, 842 (Ala. 1998).  In their response, Plaintiffs merely argue that

MEGA failed to meet its burden of establishing that Plaintiffs can never prove facts which would

establish a duty to disclose.  However, Plaintiffs' Complaint does not allege any facts remotely

suggesting that MEGA had any duty to disclose the alleged suppressed facts.  Moreover,

Plaintiffs failed to respond to MEGA's argument that Alabama case law has rejected as a matter

of law the argument that an insurer has any confidential relationship with an insured and owes no

duty to disclose facts related to its internal operating procedures.  See King v. Nat'l Foundation

Life Ins. Co., 541 So. 2d 502, 505-06 (Ala. 1989); Owen, 729 So. 2d at 843.  As such, Plaintiffs'

suppression claim fails on its face and is due to be dismissed.

4.    Finally, Plaintiffs' civil conspiracy claim in Count Six against MEGA fails as a

matter of law because of the failure of the underlying tort claims.

WHEREFORE, premises considered, MEGA submits that its Motion to Dismiss with

prejudice Counts Three, Four, Five and Six of Plaintiffs' Complaint is due to be granted.

/s/ Rodney R. Cate
HENRY A. CALLAWAY, III (CALLH4748)
E. LUCKETT ROBINSON, II (ROBIE6110)
RODNEY R. CATE (CATER8568)
Attorneys for The MEGA Life and Health
Insurance Company

HAND ARENDALL, L.L.C.
Post Office Box 123
Mobile, Alabama 36601
Tel:    (251) 432-5511
Fax:    (251) 694-6375

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have, on May 15, 2006, served a copy of the foregoing pleading on all counsel of record by electronic service and by placing a copy of same in United States Mail, properly addressed and first class postage prepaid, as follows:

Thomas O. Sinclair                              James W. Lampkin, II
2100-A SouthBridge Parkway, Suite 450           Pamela A. Moore
Birmingham, Alabama 35209                       One St. Louis Centre, Suite 5000
                                                Mobile, Alabama 36602

Allen G. Woodard
WOODARD, PATEL & SLEDGE
1213 East Three Notch Street
Andalusia, Alabama 36420


                                    /s/ Rodney R. Cate


474554