IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DAVID PAHER and PHILENA PAHER, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| vs. | * | CASE NO. 2:06-cv-00297-WKW |
| | * | |
| UICI; MEGA LIFE & HEALTH INSURANCE COMPANY; NATIONAL ASSOCIATION FOR THE SELF EMPLOYED; STEPHANIE TRANCHINA, et al., | * * * * * * | |
| | * | |
| Defendants. | * | |

**NATIONAL ASSOCIATION FOR THE SELF-EMPLOYED, INC.'S
REPLY TO PLAINTIFFS' RESPONSE TO MOTION TO DISMISS**

COMES NOW, National Association for the Self-Employed, Inc. ("NASE"), by and through its undersigned counsel, and files this reply to Plaintiffs' response to NASE's motion to dismiss, and in support hereof states as follows:

1.  In their Complaint, Plaintiffs are asserting claims for breach of contract, bad faith and fraud, all with regard to the alleged failure or refusal of Plaintiffs' insurer to pay certain insurance benefits. Plaintiffs do not assert any allegations indicating what role, if any, they believe NASE had with respect to the honoring of the policy terms or the processing of insurance claims.

2.  In its motion to dismiss, NASE points out that (i) Plaintiffs assert no allegations of wrongdoing specifically against NASE, (ii) NASE is not an insurance company, (iii) NASE is not a party to the insurance contract at issue, and thus not Plaintiffs' insurer, and (iv) NASE does not process insurance claims.

3.      In response to the motion, Plaintiffs do not dispute that NASE is not an insurance company, is not Plaintiffs' insurer and did not have anything to do with the processing of Plaintiffs' insurance claims.  Instead, Plaintiffs ask this Court to deny NASE's motion because of the section of their Complaint entitled "Joint and Several Liability."  In that section, Plaintiffs allege that Defendant UICI controls NASE, that NASE's assets and liabilities belong to UICI, and that NASE's Board members are UICI employees, such that NASE has no separate existence of its own and thus should be held jointly and severally liable for any damages.  *See* Complaint, pp. 5-6.    Plaintiffs also cite to an opinion outlining the facts to consider when a parent corporation controls a subsidiary such that piercing the corporate veil would be appropriate.

4.      Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that an insufficiently-pled complaint should be dismissed if a plaintiff fails to state a claim upon which relief can be granted.   The complaint should be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.   That is exactly the case here.

5.      The allegations in the Complaint focus on the alleged wrongful denial of insurance claims by Plaintiffs' insurer.  There are no specific allegations of misconduct against NASE with regard to any of the causes of action in the Complaint, which is telling, given that Plaintiffs do not dispute in their response that NASE is not an insurance company, did not issue the insurance at issue, and did not process any insurance claims.  There are no allegations in the Complaint that focus on the improper refusal or failure of NASE to provide any NASE membership benefits.   Plaintiffs thus do not assert any specific allegations that relate or could relate to NASE with respect to the insurance certificate at issue or the handling or provision of insurance benefits.

6. Nevertheless, Plaintiffs want this Court to keep NASE in this case by allowing Plaintiffs to hurdle over the insufficiently-pled Complaint and jump straight to joint and several liability and piercing the corporate veil, notwithstanding the fact that there is no allegation in the Complaint that the corporate veil should be pierced. That is, Plaintiffs want NASE to remain in the case based on alleged misconduct that simply does not lie against NASE (and there is no argument to the contrary in Plaintiffs' response), based on the assertion that NASE is controlled by one or more of the other defendants. Thus, this Court is being asked to find that Plaintiffs have stated a claim against NASE upon which relief can be granted, not because of any allegations of wrongdoing in the Complaint specifically directed against NASE, but instead because -- even though NASE was not the insurer and did not process the insurance claims -- it is allegedly controlled by other defendants, such as Plaintiffs' insurer or Plaintiffs' insurer's parent company. That attempt to keep NASE in this case must fail.

7. Therefore, even assuming that the facts outlined in Plaintiffs' Complaint are true, and the factual allegations are construed in a light most favorable to the Plaintiffs, NASE should be dismissed. Plaintiffs have not shown how any construction of their allegations would support any of their causes of action, such that, it is beyond doubt that Plaintiffs could prove no set of facts in support of their claim that would entitle them to relief against NASE.

WHEREFORE, premises considered, NASE has satisfied its burden to show that Plaintiffs would not be entitled to relief under the set of facts outlined in the Complaint and have pled causes of action that do not exist against NASE or have failed to plead (and in fact cannot plead) facts sufficient to support any of the claims that appear to be asserted against NASE. NASE respectfully requests the Court grant its Motion to Dismiss and order any other further relief to which NASE is justly entitled.

                                                             *s/Pamela A. Moore*_____
                                                             JAMES W. LAMPKIN II (LAMPJ7474)
                                                             PAMELA A. MOORE (MOORP5421)
                                                             Attorneys for Defendant
                                                             National Association for the Self-Employed, Inc.

OF COUNSEL:

ALFORD, CLAUSEN & McDONALD, LLC
One St. Louis Centre, Suite 5000
Mobile, Alabama 36602
(251) 432-1600
(251) 432-1700 (fax)

## CERTIFICATE OF SERVICE

      I hereby certify that on May 15, 2006, the foregoing document was electronically filed with the Clerk of this Court using the CM/ECF system, which will send notification of such filing to the following:

    Thomas O. Sinclair, Esq.
    Campbell, Waller & Poer, LLC
    2100-A SouthBridge Parkway, Suite 450
    Birmingham, AL 35209
    E-mail: tsinclair@cwp-law.com

    Allen G. Woodard, Esq.
    Woodard, Patel & Sledge
    1213 East Three Notch Street
    Andalusia, AL 36420
    E-mail: awoodard@alaweb.com

    Henry R. Callaway, III, Esq.
    E. Luckett Robinson, II, Esq.
    Rodney R. Cate, Esq.
    Hand Arendall, L.L.C.
    P. O. Box 123
    Mobile, AL 36601
    E-mail: hcallaway@handarendall.com
    E-mail: lrobinson@handarendall.com
    E-mail: rcate@handarendall.com

                                                             *s/Pamela A. Moore*_____
                                                             COUNSEL