IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAVID PAHER and | ) |
| PHILENA PAHER, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CASE NO. 2:06-CV-297-WKW |
| | ) |
| UICI; | ) |
| MEGA LIFE & HEALTH INSURANCE | ) |
| COMPANY; | ) |
| NATIONAL ASSOCIATION FOR THE | ) |
| SELF EMPLOYED; | ) |
| STEPHANIE TRANCHINA; | ) |
| and FICTITIOUS DEFENDANTS | ) |
| ‟A@, ‟B@, and ‟C@, whether singular or | ) |
| plural, are those other persons, | ) |
| corporations, firms, or other entities | ) |
| whose wrongful conduct caused or | ) |
| contributed to the cause of the injuries | ) |
| and damage to the plaintiff, all of | ) |
| whose true and correct names are | ) |
| unknown to the plaintiff at this time, | ) |
| but which will be substituted by | ) |
| amendment when ascertained, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFFS' RESPONSE TO DEFENDANT UICI's MOTION TO DISMISS**

COME NOW the Plaintiffs David and Philena Paher (the "Pahers"), and in response to the Defendant UICI's Motion to Dismiss state as follows. UICI first argues that this Court lacks jurisdiction and seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(2) and in the alternative seeks dismissal pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b). Plaintiffs have previously briefed the Rule 12(b)(6) and 9(b) arguments (put forth in the alternative by UICI) in

the Plaintiffs' Response to the remaining Defendants' Motions to Dismiss. *See* Mega Life & Health Insurance Company ("Mega") Motion to Dismiss, [Doc. No. 3]; National Association for the Self Employed ("NASE") Motion to Dismiss, [Doc. No. 7]. In the interest of brevity, and given that the alternative relief sought in this Motion by UICI is identical to the relief sought in the Motions filed by Mega and NASE, Plaintiffs adopt and incorporate as though fully set forth herein the Plaintiffs' Response to Mega and NASE's Motions to Dismiss. [Doc. No. 14].

## I. INTRODUCTION

1. UICI seeks dismissal of the Complaint arguing that the Court lacks jurisdiction over UICI. The Pahers' complaint was filed on March 2, 2006, in the Circuit Court for Covington County .

2. On April 3, 2006, Defendant Mega Life & Health Insurance Company ("Mega") filed a Notice of Removal removing this action to this Court. [Doc. No. 5].

3. On April 28, 2006, UICI filed a "Motion to Dismiss" Pursuant to Rules 12(b)(2) and alternatively 12(b)(6) and 9(b).[Doc. No. 12 at p. 1].

## III. PLAINTIFFS' UNDISPUTED FACTUAL ALLEGATIONS

All of the Defendants were involved in the sale of a health insurance policy to the Pahers. [Complaint Doc. No. 5-2 at heading "The Parties" paragraphs 1-7, and at heading "Statement of Facts" paragraphs 10-19]. "The Defendants have no substantial separate existence of their own and, as such, should be held jointly and severally liable for any damages that may be awarded." [Complaint Doc. No. 5-2 at heading "Joint and Several Liability"]. The Defendants acted in concert in committing

fraud in the sale of the policy while collecting premiums during the policy periods and in the adjustment of claims. [Complaint Doc. No. 5-2 Count Three "Fraud" at p. 8];

"Defendants conspired with one another to commit fraud upon the Plaintiffs and other similarly situated individuals by misrepresenting and suppressing materials facts from the Plaintiffs, and by wrongfully denying the claim made on behalf of Philena Paher." [Complaint Doc. No. 5-2 Count Six "Conspiracy" at paragraph 58]. "The National Association of Self Employed (NASE) offers a group [health] plan to members that is underwritten by Mega Life & Health Insurance Company. NASE is wholly owned, operated, and controlled by Mega." [Complaint Doc. No. 5-2 at paragraph 5]. "Defendant UICI owns and controls its subsidiary, Mega Life & Health Insurance Company, through which it does business in Alabama and elsewhere and through which it offers policies of insurance." [Complaint Doc. No. 5-2 at paragraph 2].

## VI.  ARGUMENT

UICI is a proper party on the basis that UICI so dominates its subsidiaries that UICI has complete control and domination of its subsidiaries' finances, policy and business practices, and that MEGA and NASE have no substantial separate existence of their own. See, e.g., Perry v. Household Retail Services, Inc., 953 F.Supp. 1378 (M.D. Ala. 1996). In Perry, Judge DeMent set forth certain factors to determine whether or not a parent corporation has such control over the subsidiary that piercing the corporate veil is appropriate. Those factors included the following:

    (a)    the parent corporation owns all or most of the capital stock of the subsidiary;
    (b)    the parent and subsidiary corporations have common directors or officers;
    (c)    the parent corporation finances the subsidiary;
    (d)    the parent corporation subscribes to all of the capital stock of the subsidiary or otherwise causes its incorporation;
    . . .

    (f)    the parent corporation pays the salaries and other expenses or losses of the subsidiary;
    (g)    the subsidiary has substantially no business except with the parent corporation or no assets except those conveyed to it by the parent corporation;
    (h)    in the papers of the parent corporation or in the statements of its officers, the subsidiary is described as a department or division of the parent corporation, or its business or financial responsibility is referred to as the parent corporation's own;
    (i)    the parent corporation uses the property of its subsidiary as its own;
    (j)    the directors or executives of the subsidiary do not act independently in the interest of the subsidiary but take their orders from the parent corporation in the latter's interest;
    . . .

Perry, 953 F. Supp. at 1381, 1382.

In the present case, within their Complaint, the Pahers have set forth how each of the factors set forth above weigh in favor of finding that UICI so dominates the subsidiaries business affairs that UICI is a proper party in this action:

> JOINT AND SEVERAL LIABILITY
> 21.    The named Defendants herein are jointly and severally liable on all counts.
> 22.    Defendant Mega Life & Health Insurance Company ("Mega") is a wholly owned subsidiary of Defendant UICI. The National Association of Self Employed (NASE) offers a group plan to members which is underwritten by Mega Life & Health Insurance Company. Further, the NASE offers group plans to its members which is underwritten by Mega.
> 23.    Defendant UICI controls both subsidiaries to the degree that neither Mega nor NASE have any substantial separate existence of their own.
> 24.    In filings with the security and exchange commission Defendant UICI represents in its filings that the assets of the Defendant's Mega and NASE are assets of the Defendant UICI.
> 25.    In filings with the securities and exchange commission the Defendant UICI represents that the liabilities of the Defendants Mega and NASE are liabilities of the Defendant UICI.
> 26.    Members of the board of directors of the Defendants NASE and Mega are in fact Defendant UICI employees.
> 27.    The Defendants have no substantial separate existence of their own and, as such, should be held jointly and severally liable for any damages that may be awarded.

[Complaint Doc. No. 5-2 at pp. 5-6].

In the present case, within the Complaint, Plaintiffs have set forth how each of the factors set forth above weigh in favor of finding that joint and several liability is appropriate.

## CONCLUSION

The Motion to Dismiss is due to be denied given the allegations set forth within the Plaintiff's Complaint, which at this stage in the proceedings must be taken as true and undisputed facts, are sufficient to state the enumerated causes of action as to UICI. In the alternative should the Court be inclined to grant the Motion, Plaintiff respectfully requests leave to conduct limited discovery on the issue prior to the Court dismissing the Defendant.

Wherefore, premises considered, Plaintiff respectfully requests this Court deny the Defendant UICI's Motion to Dismiss or in the alternative permit Plaintiff to conduct limited discovery on the topic.

s/ Thomas O. Sinclair  
Thomas O. Sinclair  
SIN018

Campbell, Waller & Poer, LLC  
Suite 450, 2100-A SouthBridge Parkway  
Birmingham, AL 35209  
(205) 803-0051

Allen G. Woodard  
Woodard, Patel & Sledge  
1213 East Three Notch Street  
Andalusia, AL 36420  
P: 334-222-9115  
F: 334-222-9448

## CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system that will send notification of such filing to the following:

Edward Luckett Robinson, II
Henry A. Callaway, III
Rodney Reed Cate
Hand, Arendall
PO Box 123
Mobile, AL 36601
P: 251-432-5511
F: 251-694-6375
**Attorneys for UICI and Mega Life**

James Wayne Lampkin, II
Pamela Ann Moore
Alford, Clausen & McDonald, LLC
One St. Louis Centre
Suite 5000
Mobile, AL 36602-3929
P: 251-432-1600
F: 251-694-6375
**Attorneys for NASE**

s/ Thomas O. Sinclair
Campbell, Waller, & Poer
2100-A Southbridge Parkway
Suite 450
Birmingham, AL 35209
P: 205-803-0051
F: 205-803-0053
E: tsinclair@cwp-law.com
(SIN018)