IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **DAVID PAHER and** ) | |
| **PHILENA PAHER** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | **CIVIL ACTION NO.:  2:06cv297-DRB** |
| ) | |
| UICI; MEGA LIFE & HEALTH ) | |
| INSURANCE COMPANY; NATIONAL ) | |
| ASSOCIATION FOR THE SELF ) | |
| EMPLOYED; and STEPHANIE ) | |
| TRANCHINA; et al. ) | |
| | |
| **Defendants.** | |

**HEALTHMARKETS, INC.'S REPLY TO PLAINTIFFS' RESPONSE TO
HEALTHMARKETS' RULE 12(b)(2) PERSONAL JURISDICTION CHALLENGE**

The Plaintiffs' Response to HealthMarkets, Inc.'s personal jurisdiction challenge under Federal Rule of Civil Procedure 12(b)(2) does not satisfy their burden of presenting evidence supporting their personal jurisdiction allegations and therefore HealthMarkets' motion should be granted.  The Eleventh Circuit is clear that, when a defendant submits evidentiary proof opposing plaintiff's allegations of personal jurisdiction, the burden shifts back to the plaintiff who must produce evidence supporting his personal jurisdiction claim.  Ex rel. Meier v. Sun Int. Hotels, Ltd., 288 F.3d 1264, 1269 (11th Cir. 2002); see also Wright and Miller, Federal Practice and Procedure, Civil 3d § 1067.6, n. 5-6, pp. 538-53 (citing dozens of cases by all Circuits which describe this burden-shifting analysis).

In this case, HealthMarkets introduced the affidavit of Mark D. Hauptman in support of its Rule 12(b)(2) motion to dismiss.  Among other facts, Hauptman established the following facts which refute Plaintiffs' personal jurisdiction allegations:

1. MEGA is a wholly-owned and <u>independently</u> operated subsidiary;

2. HealthMarkets does not participate in the business of insurance and is not an insurer;

3. HealthMarkets did not participate in any way with the Plaintiffs' insurance coverage;

4. HealthMarkets does not employ insurance agents and did not employ, control or direct the activities of the agent in this case, Ms. Tranchina; and,

5. HealthMarkets has no ownership interest in the co-defendant National Association for the Self Employed.

(<u>See generally</u> Hauptman Aff., attached to HealthMarkets' Motion to Dismiss).

These facts, particularly Hauptman's testimony that MEGA is an independently operated subsidiary and that HealthMarkets has no ownership interest in the NASE, specifically refuted Plaintiffs' conclusory allegations in their complaint that these co-defendants have no substantial existence of their own or that HealthMarkets controls its subsidiary MEGA.

Plaintiffs' bare-boned response offers no evidence to support their allegations in the complaint or to challenge this evidence submitted by HealthMarkets. Rather, in their response, the Plaintiffs simply reiterate the allegations in their complaint that "Defendants have no substantial existence of their own," that Defendants "acted in concert in committing fraud in the sale of the policy," that NASE is "wholly owned, operated and controlled by MEGA," and that HealthMarkets "owns and controls its subsidiary MEGA." (<u>See</u> Response at pp. 2-3, 4). Plaintiffs' reliance on these allegations and their failure to offer evidentiary support clearly do not meet their burden in this case. <u>Meier</u>, 288 F.3d at 1272, 1274; <u>Correal v. C. F. Hosting, Inc.</u>,

187 F. Supp. 2d 1372, 1374-76 (S.D. Fla. 2001); Powercerv Technologies Corp., Inc. v. Ovid Technologies, Inc., 993 F. Supp. 1467, 1469-70 (M.D. Fla. 1998).

In Meier, the Eleventh Circuit reversed the Florida district court's Rule 12(b)(2) dismissal of various foreign corporations involved in the management, ownership and control of a water-sports vendor in the Bahamas where the plaintiff was injured. Unlike the present case, the Meier plaintiff responded to the defendants' jurisdictional affidavits with deposition testimony and documents showing that the defendants had numerous contacts with Florida and that the Florida subsidiaries of the defendants were mere agents of the foreign companies. 288 F.3d at 1272-73. In reversing the district court, the Eleventh Circuit carefully reviewed all the facts offered by the plaintiffs through depositions and analyzed how those facts established personal jurisdiction. The Court discussed the evidence relating to advertising, marketing, purchases of goods and communications and transactions between the Florida companies and the foreign companies, as well as financial ties and inner-relationships between the entities. The Eleventh Circuit held that the plaintiffs had met their evidentiary burden of proof in response to this personal jurisdiction challenge. Id. at 1275.

Unlike the strong evidentiary showing made by the plaintiffs in Meier, in Correal v. C. F. Hosting, Inc., 187 F. Supp. 2d 1372, 1374-75 (S.D. Fla. 2001), the Court granted defendants' motion to dismiss where the defendants submitted affidavits and the plaintiffs' response was limited to reiterating the facts in their complaint. Granting the defendant's motion, the Court held:

> Plaintiffs' response is limited to reiterating the facts asserted in their complaint. Accordingly, even if the Court determined that the plaintiffs satisfied their initial burden, plaintiffs failed to adequately rebut the Georgia defendants' submissions.

187 F. Supp. 2d at 1375.

In <u>Powercerv Technologies Corp., Inc.</u>, the plaintiff actually submitted affidavits to support its personal jurisdiction allegation and this evidence showed that the defendant provided some sales and product support to the plaintiff's Florida offices. However, the Court held that this evidentiary showing was nonetheless insufficient to establish personal jurisdiction. 993 F. Supp. at 1469.

The present case is identical to the procedural posture of <u>Correal</u> in that the Plaintiffs have offered no evidence to support their personal jurisdiction allegations. Moreover, not only have the Plaintiffs offered no evidence to support their personal jurisdiction allegations, they have provided no legal support for their position. The Plaintiffs rely solely on <u>Perry v. Household Retail Services, Inc.</u>, 953 F. Supp. 1378 (M.D. Ala. 1996) for their jurisdiction argument. <u>Perry</u>, however, is not on point. In <u>Perry</u>, the plaintiffs offered evidence to establish their alter ego or corporate veil-piercing theories of personal jurisdiction. In fact, the Court held that there was sufficient evidence to support the plaintiffs' theories and that numerous factual disputes existed in the record. <u>Id</u>. at 1382. Based on this record, the Court appropriately denied the defendant's motion. <u>Id</u>. <u>Perry</u> thus is not factually on point with the present case.

Based on the undisputed facts in this record and the cases cited herein, HealthMarkets' Motion to Dismiss under Rule 12(b)(2) of the Federal Rules of Civil Procedure should be granted.

Respectfully Submitted:

/s/ E. Luckett Robinson, II
HENRY A. CALLAWAY, III (CALLH4748)
E. LUCKETT ROBINSON, II (ROBIE6110)
RODNEY R. CATE (CATER8568)
Attorneys for HealthMarkets, Inc.

HAND ARENDALL, L.L.C.
Post Office Box 123
Mobile, Alabama 36601
Tel:	(251) 432-5511
Fax:	(251) 694-6375

## CERTIFICATE OF SERVICE

       I hereby certify that on May 26, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Thomas O. Sinclair<br>2100-A SouthBridge Parkway, Suite 450<br>Birmingham, Alabama 35209 | James W. Lampkin, II<br>Pamela A. Moore<br>One St. Louis Centre, Suite 5000<br>Mobile, Alabama 36602 |

Allen G. Woodard
WOODARD, PATEL & SLEDGE
1213 East Three Notch Street
Andalusia, Alabama 36420


                        /s/ E. Luckett Robinson, II